## 9494

### PELZER v. RAGSDALE ET AL.

(89 S. E. 705.)

1. APPEAL AND ERROR—BURDEN OF SHOWING ERROR—ACTION TO FORE-CLOSE MORTGAGE—DEFENSE.—In an action to foreclose a purchase-money mortgage, where the defendant in his affirmative defense claimed a deduction on the debt on account of the plaintiff's alleged failure to give possession of parts of the land, which plaintiff's attorney had represented to be embraced within the description of the property sold, and on account of adverse possession of other parts of the property sold, and where the Court disallowed the deduction, it was incumbent on the defendant, on appeal, to show by the preponderance of the evidence that the findings of the Circuit Judge were erroneous.

2. MORTGAGES—FORECLOSURE—ATTORNEY'S FEE—AMOUNT.—In an action to foreclose a bond and purchase-money mortgage for $13,334, executed simultaneously with the deed of conveyance thereto, where defendant claimed that the commissions demanded were unreasonable and excessive and forced plaintiff to resort to the Courts in 1912, raised the issue that the condition of the bond had been breached, denied that the amount claimed was due on the mortgage debt, and claimed a deduction on the debt for plaintiff's failure to give possession of parts of the land, represented by his agent to be embraced within its description, and where such claim for deduction was disallowed, the fee to be allowed the plaintiff's attorney should be reasonable, fully compensating him for the learning and skill required of him, rather than fixed with reference to the amount involved, and should not be unreasonable or excessive, and an attorney's fee of $1,250 would be reduced to $860.

3. EVIDENCE—OPINION—FORECLOSURE OF MORTGAGE—ATTORNEY'S FEE.—In fixing such fee, it should not be fixed by lawyers alone and by their testimony, but any business man, experienced in paying fees for himself or as representative for others, might give his testimony as to what was a reasonable and proper fee.

Before RICE, J., Darlington, Spring term, 1915. Modified.

Action by Francis J. Pelzer against J. W. Ragsdale and others, to foreclose a mortgage of realty. Decree for foreclosure, allowing plaintiff's attorney a fee of $1,250, and defendants appeal.

The original mortgage was given to secure the payment of $13,334.

Messrs. *Whiting & Baker*, for appellants, cite: *As to right of vendee to abatement in purchase price:* 2 Kent Comm. 476; 9 Rich. 515; 1 Nott & McC. 78; 1 DeS. 433; Rice Eq. 58; 7 S. C. 58; 15 S. C. 124; 41 S. C. 508; 9 S. C. 287. *Tender:* 2 Jones Mtges. 897; 16 S. C. 427; 14 S. C. 86; 38 Cyc. 145; 28 Am. & Eng. Enc. of L. 7; 26 S. C. 337; Civil Code 3461. *Attorney's fees:* 84 S. C. 458; 94 S. C. 383.

Messrs. *Willcox & Willcox* and *Geo. W. Brown,* for respondent, cite: *As to alleged misrepresentations:* 13 S. C. 203; 86 S. C. 226; 88 S. C. 132; 2 Hill 657; 2 Pom. Eq. Juris. 892. *Attorney's fees:* 7 S. C. 421; 94 S. C. 383; 84 S. C. 458.

August 18, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for foreclosure of mortgage of real estate. The bond and mortgage were given to secure the unpaid purchase money for the mortgaged premises. The bond and mortgage were executed and delivered simultaneously with the deed of the conveyance thereto. The defendant Ragsdale's answer raised the issue that the condition of the bond had not been breached, and denied that the amount claimed to be due was due on the mortgage debt, and raised the affirmative defense, and claimed a deduction of $3,000 on the mortgage debt on account of the alleged failure of the plaintiff to give possession of portions of land sold which plaintiff, through his attorney, is alleged to have represented to the defendant to be embraced within the description of the property sold and by reason of adverse

possession to other portions of property sold. The defend-
ant, by answer, alleges, in substance, that George W. Brown,
Esq., as agent and attorney of the plaintiff, and J. B. DuBose,
his agent, induced the defendant by certain statements and
representations, to the effect that the plaintiff was the owner
in fee of all the land included in the conveyance, and had
good right to convey the same, and that said premises were
free from incumbrance or claims affecting plaintiff's claim
thereto, and subsequent to the execution of the mortgage,
defendant discovered that plaintiff had not put him in pos-
session of all the land to which he was entitled under his
deed; and that various persons holding portions of the land
refused to yield possession, claiming title in their own right;
and that George W. Brown, Esq., plaintiff's representative
in the sale, had been plaintiff's agent in the managament and
care of the property for years; and that he was, or should
have been, by ordinary diligence, acquainted with the adverse
claims; and that he should have informed the defendant
purchaser of such facts within his knowledge affecting plain-
tiff's title; and that a concealment of such facts from the
defendant amounts to a representation that the plaintiff's
title was free from such defects. Defendant further
answered that, in view of all the facts and circumstances
and attempt to settle and adjust the matter before suit was
brought, the commissions demanded as attorney's fees were
unreasonable and excessive. After issue joined the case
was referred to J. P. Kilgo, Esq., to take the testimony and
report to the Court, which was done, and the case was then
heard by his Honor, Judge Rice, at the Spring term of
Court, 1915, for Darlington county, who filed his decree in
favor of the plaintiff, and decreeing foreclosure and sale,
and allowing the plaintiff's attorney a fee of $1,250.

After entry of judgment defendant appeals, and by six
exceptions imputes error on the part of his Honor. These
exceptions raise but two points to be disposed of by the
Court: First, is the defendant entitled to an abatement? and

second, is the attorney's fee to be allowed as fixed?

As to the first question: His Honor disallowed the abatement of price claimed by the defendant, and it is incumbent on the appellant to show by the preponderance of the evidence that the findings of the Circuit Judge is erroneous, and this he has failed to do, but in addition to this a careful examination of all the testimony in the case convinces us that, not only has the defendant failed to establish this contention, but Mr. Brown throughout the management and negotiation of the sale in the performance of his duty did nothing wrong, or anything that could be construed into even a suspicion of wrongdoing, and his conduct throughout, in the performance of the high and delicate duties, which is expected of attorneys of this Court, was that of an upright attorney and honorable gentleman. The evidence amply supports this finding, and no other conclusion can be reached.

As to the fee allowed by the Circuit Court: This is not free from difficulty. This Court does not believe in depriving an attorney of a reasonable fee, and believes in fully compensating an attorney for good services rendered. At the same time, it is not inclined to allow unreasonable or excessive fees. The impression has gone out among some of the members of the profession that the amount sued for and recovered should largely govern in fixing a fee. It is no harder work frequently, and requires no greater amount of learning or skill, to try a case involving a large amount than one involving a trivial amount, and in fixing the fees it should be not by the amount involved, but by the labor, learning, and skill required of the attorney. In fixing the fee in any case, it should not be fixed by lawyers alone and their testimony, but any business man, in whatever walk of life, who has had experience in paying fees for himself or representative for others, has the right to give his evidence as to what is a reasonable and proper fee. In the case at bar it is a pity that Mr. Brown

and Mr. Ragsdale could not have arrived at an adjustment of the fee. The evidence shows that an effort was made. Mr. Brown said the bond fixed not less than 10 per cent., and Mr. Ragsdale abruptly left his office. It does not appear that any further effort was made to settle the matter. If this was at that time the matter of difference beween them, the defendant should have paid what was due on the bond and mortgage and contested the amount of the fee. He had no right to keep the plaintiff out of his money because he thought the commissions demanded were unreasonable and excessive; by his action he forced the plaintiff to resort to the Court and sue for what at that time he admitted to be due. When this was done he answered and raised important issues, which had to be disposed of. Defendant caused litigation, and should be made to pay a reasonable fee for it. What that should be is a question of considerable difficulty.

A number of lawyers were examined in reference to this matter, and after a thorough examination of their testimony it is hard to determine what they did think was a suitable fee, and his Honor, the Circuit Judge, was not much enlightened in this point by the evidence in the case.

This Court is to be understood as being in favor of proper compensation for attorneys for their services, but it does not intend to stand for excessive, ruinous, extortionate, or unreasonable fees. When it is in our power we do not intend that a debtor, who is so unfortunate as to be unable to meet his obligations, shall be exploited and charged excessively by attorneys, like salvage is allowed by seafaring people from a wreck. We do not, however, intend by this to reflect on the lawyers in this case, because they have done only what they conceived to be their rights, and have submitted this matter to the Court for its determination. But the issue in this matter is made virtually between two well-known, highly esteemed lawyers in full practice. One is claiming, or did claim, a fee of not less than 10 per cent.,

the other is disputing this claim as being unreasonable and excessive, while there is evidence in the case that the defendant in similar cases had exacted this amount. · Under all the facts and circumstances of this case as it has been in litigation since March, 1912, we think that a reasonable fee should be allowed. His Honor, Judge Rice, allowed $1,250. We think this was too much, but that the sum of $860 should be allowed.

It is the judgment of this Court that if within 10 days after the remittitur is received in the Circuit Court the plaintiff shall remit on the record the sum of .$390, so that the amount as fixed for fees shall then be $860 instead of $1,250, then the judgment of the Circuit Court shall be affirmed, and if plaintiff should fail to remit as provided for, then the judgment shall be modified in accordance with the views herein expressed.

Judgment modified *nisi.*

· Mr. Chief Justice Gary and Mr. Justice Hydrick concur in the opinion of the Court.

· Messrs. Justices Fraser and Gage were disqualified, and did not participate in the consideration of this case.