9872

SMYTHE v. OWEN ET AL.

(95 S. E. 109.)

MORTGAGES—ATTORNEY'S FEES—REASONABLENESS.—In a foreclosure suit involving $16,000, where the mortgagor put in a general denial by way of answer, but permitted the note and mortgage to be introduced without formal proof, an attorney's fee of $800 was not excessive, since the answer made the preparation for a real contest necessary.

Before WILSON, J., Anderson, Spring term, 1917. Affirmed.

Action for foreclosure of a mortgage of real estate. The amount involved was $10,000, and from an allowance of $800 as attorney's fee, the mortgagor appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant, cite: 84 S. C. 450; 94 S. C. 383; 104 S. C. 396; 105 S. C. 201.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite: 105 S. C. 200; 104 S. C. 397; 103 S. C. 299.

January 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The question in this case is as to the reasonableness of an attorney's fee in the foreclosure of a mortgage. The amount involved was $16,000. The mortgagor put in a "general denial by way of answer, but when the reference was held to take testimony, witnesses were not required, and let the note and mortgage be introduced without formal proof." The referee and Circuit Judge awarded a fee of $800. From this allowance, the defendant appealed.

The appellant has failed to convince this Court that there was any error in the finding. The testimony was conflicting, but some of the appellants' witnesses based their opinion on the theory that there was no contest. At the last there

was none, but the answer made the preparation for a real contest necessary. It is true the appellant says he was only fighting for time. He does not say that he notified the mortgagee of that fact.

Under all the circumstances stated in the case, $800 is a reasonable fee, and the judgment is affirmed.

Mr. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

Mr. JUSTICE HYDRICK did not sit in this case.