14517

HERTZOG v. SPARTANBURG BONDED WAREHOUSES, INC.

(192 S. E., 397)

December, 1936.

*Mr. H. K. Osborne,* for appellant, cites:

*Messrs. S. R. Watt* and *C. E. Daniel,* for respondent.

July 20, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The question in this case has to do with the reasonableness of attorneys' fees in the foreclosure of a mortgage of real estate, involving the collection of a substantial sum of money.

The matter in issue was referred to a Special Referee, who took and reported all of the evidence offered by the parties. The only professional evidence introduced, aside

from that of counsel engaged in the case, was the testimony of three eminent members of this bar, in active practice. They testified that the amount of the fee allowed by the Court to the respondent's attorneys for their services was reasonable and just, in view of the labor and skill required, the time consumed, and the results accomplished. In our opinion, the record justifies and sustains their conclusions.

To conduct a contested lawsuit to a successful conclusion is no small achievement. The responsibility involved is never to be ignored; and while this Court, as stated in *Pelzer v. Ragsdale et al.,* 105 S. C., 201, 89 S. E., 705, will not stand for extortionate or unreasonable fees, the payment of adequate and reasonable fees has always been upheld.

The decree of the Circuit Judge, which will be reported, is affirmed, and adopted as the judgment of this Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER dissents.

MR. JUSTICE CARTER (dissenting) : This suit, by E. L. Hertzog, as conservator of the Mutual Building & Loan Association, as plaintiff, against the defendant, Spartanburg Bonded Warehouses, Inc., was commenced in the Court of Common Pleas for Spartanburg County, this State, April 4, 1935, and the matter comes to this Court on appeal by the defendant from an order of his Honor, Judge G. Dewey Oxner, fixing the amount of compensation to be allowed plaintiff's attorneys for their services in the cause, to be paid by the defendant, the said Spartanburg Bonded Warehouses, Inc. As set forth in the agreed statement of counsel, appearing in the transcript of record, "the action was based upon a Building and Loan form of bond and mortgage executed by appellant to respondent on April 15th, 1929, for the payment of the principal sum of $30,000.00 with interest thereon at eight per cent., payable in monthly installments of $500.00 per month, $300.00 thereof being applicable on principal and $200.00 on interest, and such payments to con-

tinue until the said debt with interest was liquidated; the obligation also called for payment of ten per cent attorney's fees in case of suit or collection by attorney."

The first hearing on the matter by the Court, so far as the record discloses, was upon a motion of attorneys for respondent before his Honor, Judge Hayne F. Rice, involving the appointment of a Receiver pending the action. After considering the motion, in connection with the affidavits presented by both sides, and also after hearing argument of counsel, his Honor, Judge Rice, July 16, 1935, issued an order in the cause, appointing a Receiver *pendente lite* of the defendant, the "appointment to be effective thirty days after the date of the filing of this order unless in the meantime, the defendant shall pay or cause to be paid to the plaintiff the sum of Three Thousand ($3,000.00) Dollars, and in the event of such payment being so made, this appointment shall thereupon, without further notice, application or action by the Court, be and stand vacated." Other provisions were added in said order to take effect in the event the payment referred to should not be made in accordance with the conditions named by his Honor. It appears that the required payment ordered by his Honor, Judge Rice, was made, and therefore, the Receiver did not take charge, and the portion of the order providing for the appointment of the Receiver did not go into operation. It further appears from the record that prior to the payment of such obligation controversy arose as to what amount of fee would be reasonable for the plaintiff's attorneys and, "therefore, an order was passed by the Court referring the matter to a Special Referee to take and report testimony on all issues involved in the case." Following the issuing of the order referred to references were held and testimony taken and reported to the Court. The record further discloses that before the testimony was completed the full amount of the balance due on the debt, together with interest, was paid, and this action on the part of the defendant eliminated that feature of the case and

there was nothing left for consideration except the question as to the amount of attorneys' fees to be allowed. It further appears from the record that, after the completion of the testimony involving the question of fees, the matter was heard by his Honor, Judge G. Dewey Oxner, who after argument and due consideration of the entire case, issued an order dated December 23, 1936, allowing attorneys for respondent the sum of $1,150.00 as being a proper amount to be allowed plaintiff's attorneys in the cause. As stated above, from this order, and judgment thereon, the defendant duly appealed to this Court.

The order of his Honor, Judge Oxner, reads as follows:

"The question presented for my determination is the amount which should be allowed attorneys for plaintiff for their services in this case. Attorneys for plaintiff have asked for the sum of $1,500.00, while attorney for defendant contends that a fee of $300.00 to $500.00 would be reasonable.

"It appears that there has been collected on the note and mortgage in question since it was placed in the hands of attorneys for plaintiff approximately $23,000.00.

"I have carefully read the record and heard arguments of counsel. There can be no doubt but that both attorneys for the plaintiff and attorney for defendant are convinced of the soundness of their respective contentions. All are lawyers who are able, well known and highly esteemed by both bench and bar. The question of attorney's fees is one upon which there can easily arise a sharp difference of opinion between equally conscientious and able lawyers. There is no definite yardstick for the determination thereof. In fact, fees of attorneys differ widely in various sections of the State.

"Among the more recent decisions of the Supreme Court, in passing upon the reasonableness of attorneys' fees in foreclosure actions, are the following: *Pelzer v. Ragsdale,* 105 S. C., 201, 89 S. E., 705; *Smythe v. Owen,* 108 S. C., 515, 95 S. E., 109; *Berry v. Caldwell,* 121 S. C., 418, 114 S. E.,

405; *Jefferson Standard Life Ins. Co. v. Hydrick,* 143 S. C., 127, 141 S. E., 278.

"After careful consideration I am of the opinion that a fee of $1,150.00 would be reasonable, and it is ordered and adjudged that the fees of attorneys for plaintiff be fixed at said sum of $1,150.00."

We fully agree with Judge Oxner in stating that the attorneys for the plaintiff and the attorney for the defendant are able and capable attorneys and are most highly esteemed by the bench and bar. Furthermore, we are satisfied that they are conscientious and that they are convinced of the correctness of their positions as to what amount should be allowed the plaintiff's attorneys for their services in this cause. However, after duly considering the case as a whole it is our opinion that, on account of the nature of the case, the work required of the attorneys for the plaintiff, the financial condition of the country at that time, the general failure of the banks in the locality involved, the difficulty with which the majority of business men, including the president of the defendant company, had to contend with in meeting their obligations, and the fact that the plaintiff in the end secured full pay of the note and mortgage sued on and without the necessity of a sale of the property involved, the sum of $1,000.00 would be a reasonable fee to be allowed the plaintiff's attorneys in the case, to be taxed against the defendant.

It therefore should be the judgment of this Court that the order and judgment appealed from be modified in accordance with the views herein expressed, and that the sum of $1,000.00 be allowed against the defendant in favor of the plaintiff's attorneys for their services in the action.