19503

Judy Gause WEBSTER, Respondent, v. Laurie H. CLANTON, Appellant.

(192 S. E. (2d) 214)

*D. Kenneth Baker, Esq.,* of *Baker & Etheridge,* Darlington, *for Appellant,*

*Messrs. Jack L. Nettles,* of *McGowan, Nettles, Keller and Eaton, P.A.,* Florence, and *Nettles, Thomy and Floyd,* of Lake City, *for Respondent,*

October 18, 1972.

*Per Curiam:*

Involved in this proceeding are the custody and support of Laurie Clanton, Jr., who will soon be fifteen years of age. His father, Laurie Clanton, Sr., is the defendant-appellant. Mrs. Clanton died òn September 17, 1970 after an extended illness and following her death Mr. Clanton moved with his son into an apartment and began building a new home for himself and his son, with the thought that his son would be happier in new surroundings.

The plaintiff-respondent is a sister of Mrs. Clanton and she instituted this proceeding in December 1970, seeking to remove the custody of the minor from his father, asserting that the father was unfit to have such custody. A lengthy hearing was held on December 11, 1970, with the parties and numerous witnesses testifying. On December 14th, the court issued an order and remanded the custody and contrŏl of the minor to the father, the court finding as a fact that the father was a fit, suitable and proper person; that it was in the best interest and welfare of the child that the custody remain with his natural father; and also that the minor tended to exaggerate things, having been influenced by reason of the dispute over his custody and having been encouraged toward a lack of obedience and rejection of discipline by reason of the dispute.

On April 22, 1971, the court entered an order which, in effect, revoked the order of December 14th and awarded custody of the minor to the respondent aunt. This latter order was issued without any pleading on the part of any one; and without any prior notice whatever to the father. Said order recites that it was issued on the basis of an oral com-

plaint by the minor, a check of his school grades, and a conference with a Mr. Blue who was the minor's guidance counselor at school. Incidentally, the record indicates that Mr. Blue did not even know the appellant father.

Thereafter, on the basis of the aforesaid order of April 22nd, the respondent aunt, on May 20, 1971, by petition and rule to show cause, sought an order requiring the father to pay her an adequate sum for the support of the minor, monthly, and also sought the recovery of attorney's fees. Pursuant to such rule, an informal conference between the court and counsel was held on June 11, 1971, but no record thereof was made and exactly what transpired thereat is not at all clear. In any event, the court, without further hearing or notice to the parties, on November 15, 1971, filed an order dated June —, 1971, wherein the father was ordered to pay the aunt the sum of $191.83 per month and all medical expenses, in addition to the sum of $118.50 per month which the aunt was already receiving by way of Social Security benefits to which the minor was entitled on account of his mother's decease.

The father noticed an appeal from this order and also moved before the lower court to vacate the same. The motion was based upon "the grounds that the same was signed and filed as a result of mistake, inadvertence, without notice, opportunity for hearing or presentation of evidence, and under such circumstances as deprive the Defendant of a fair trial and due process of law."

A hearing on the motion was held on November 29, 1971. Counsel for the father stated the positions that they had intended to take had the court accorded him a hearing before issuing its order, which included (1) that the order of April 22nd was void, with the result that the aunt did not have legal custody of the minor, and (2) that the minor was not entitled to support from his father, having voluntarily abandoned the residence of his father and refused to recognize the father's right of supervision and control. Counsel

also moved, orally to vacate the order of April 22nd as being void.

The father's motions were overruled but the court then took testimony addressed to the questions of the proper amount of support and the ability of the father to pay therefor. Following the hearing, a written order was entered on December 8, 1971, denying the father's motions already orally denied and reaffirming the June order (filed in November) as to support, but making the effect of such retroactive to April 22nd. Additionally, the order authorized the aunt, over the objection of the father, to enroll the minor in a private school, with the tuition to be paid out of the support payments therein decreed. The instant appeal is from the order of December 8th, as well as the prior order of June filed in November. No appeal was noticed from the order of April 22, 1971.

There are fourteen exceptions and the parties state and argue four questions. We reserve the orders appealed from and in so doing find it necessary to decide only one question. The order of April 22nd, not appealed from, was clearly void, and of no effect whatever and no appeal therefrom was necessary to protect the rights of the father. It follows that the respondent aunt has no lawful custody of the minor. The orders awarding her support are predicated upon her supposed lawful custody under the order of April 22nd, and it follows that such decrees were erroneous. It is a fundamental doctrine of the law that a party whose personal rights are to be affected by a personal judgment must have a day in court, or opportunity to be heard, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights. A judgment by a court without jurisdiction of both the parties and the subject matter is a nullity and must be so treated by the courts whenever and for whatever purpose it is presented and relied on. See cases collected in West's South Carolina Digest, Judgment, Key Nos. 488, 489. See

also 46 Am. Jur. (2d) 347, Judgments, Sec. 49, and 49 C. J. S. Judgments § 23, p. 52.

The foregoing is dispositive of this appeal but we briefly comment upon, without deciding, one other question which may be involved in any further proceedings in this cause below. The record here is entirely insufficient to warrant this Court in intimating any opinion whatever as to the merit, or lack of merit, of the contention that the father is relieved of liability for the support of the minor for the alleged voluntary abandonment of the parental domicile by the minor. As will appear by reference to 67 C. J. S. Parent and Child § 16, p. 699, numerous courts have had occasion to consider whether or not and under what circumstances a minor abandons his right to parental support by voluntary departure from the parental home, discipline and restraint. We simply call attention to the text for whatever help such may be to counsel and the court below in any further proceedings in this case.

Reversed.