22862

SUNRISE SAVINGS & LOAN ASSOCIATION, Respondent v. MARINER'S CAY DEVELOPMENT CORP., Robert J. Doran, Jr., Robert G. Irick, Everett A. Knight. Continental Management Corp., Southeastern Housing Corp., Mariner's Cay Racquet and Yacht Club Homeowner's Association, Inc., Borggren Dickson Construction Company, Inc., Associated Industrial Construction Co., Inc., Hester & Drose Plumbing Company, Foster H. Hester, Jr., Charles F. Drose, Jr., W. C. Morgan & Associates, Inc., Sentry Engineering and Construction, Inc., Doug Allen, W. H. Peek, d/b/a Bushy's Restaurant, Hunter Brothers Electrical Corporation, South Carolina Tax Commission, Charleston Lumber Co, Inc., John Bresnihan, d/b/a B & B Construction, Donald H. Robinson, d/b/a Robinson's Woodworks, Commercial Plumbing Co., Inc., Ricky Odum, d/b/a AAA Construction Company, Hart's Roofing Co., Inc., The South Carolina Department of Highways and Public Transportation, Gulf Insurance Company, Newman, Saylor and Gregory, Dover Elevator Company, The United States of America, and Plymarts, Inc.,

Defendants. Of Whom Everett A. Knight is Appellant. Appeal of Everett A. KNIGHT.

(367 S. E. (2d) 696)

Supreme Court

*Morris D. Rosen, Rosen, Rosen & Hagood,* Charleston, *for appellant.*

*David M. Swanson, Sinkler & Boyd,* Charleston, and *Hamilton Osborne, Jr.,* Columbia, *for respondent.*

Heard March 22, 1988.

Decided April 25, 1988.

NESS, Acting Associate Justice:

In this mortgage foreclosure, appellant (Knight) was found liable as guarantor of a note held by respondent (Sunrise). We affirm the entry of judgment against Knight, but reverse and remand the award of attorney's fees.

Sunrise's complaint contained five causes of action seeking foreclosure of several mortgages given by Mariner's Cay Development Corporation (Mariner's Cay). In the first cause of action Sunrise alleged that on June 3, 1983, it received from Mariner's Cay a $2.8 million note secured by a mortgage and security interest on certain real and personal property. It also alleged that Knight had signed an Unconditional Continuing Guarantee by which he guaranteed payment of the note. Sunrise sought a judgment against Knight for any deficiency from the sale of the mortgaged property.

Knight's answer raised several defenses, including one under the Uniform Commercial Code for unjustifiable impairment of the collateral, S. C. Code Ann. § 36-3-606(1)(b) (1976).

The matter was referred to the Master-in-Equity who recommended that Sunrise be granted the relief sought. The Circuit Court overruled Knight's exceptions and confirmed the Master's Report.

Knight contends the Circuit Court erred in holding the impairment of collateral defense was unavailable. We disagree.

Section 36-3-606(1)(b) provides that "any party to the instrument" is discharged to the extent the holder unjustifiably impairs collateral. The term "instru-

ment" means a negotiable instrument. S. C. Code Ann. § 36-3-102(1)(e) (1976). To be a negotiable instrument a writing must: be signed by the maker or drawer; contain an unconditional promise or order to pay a sum certain in money; be payable on demand or at a definite time; and be payable to order or to bearer. S. C. Code Ann. § 36-3-104(1) (1976); *Northwestern Bank v. Neal,* 271 S. C. 544, 248 S. E. (2d) 585 (1978).

The Unconditional Continuing Guarantee does not satisfy the requirements of a negotiable instrument.

Accordingly, Knight is not a "party to the instrument" and cannot assert an impairment of collateral defense. *Federal Deposit Ins. Corp. v. Hardt,* 646 F. Supp. 209 (C. D. Ill. 1986); *Halpin v. Frankenberger,* 231 Kan. 344, 644 P. (2d) 452 (1982); *Gregoire v. Lowndes Bank,* 342 S. E. (2d) 264 (W. Va. 1986).

The note which Knight guaranteed provided for payment of reasonable attorney's fees incurred in collection of the note. The Circuit Court confirmed the Master's award of $125,000 attorney's fees in each of the five causes of action. Knight challenges the award as it relates to the first cause of action, contending that it is excessive.

During the brief hearing, no evidence was presented to the Master on the reasonableness of the attorney's fees or the amount of such fees attributable to each cause of action. The circuit court had before it only an affidavit from Sunrise's counsel stating, in conclusory fashion, that the fees were reasonable. Based upon this record, we conclude that the award is unsupported by the evidence.

Because the first cause of action was one of five involving foreclosure of the Mariner's Cay mortgages, some of the time and effort expended by Sunrise's attorneys undoubtedly overlapped the several causes of action. It appears the matter was not particularly complex. Although a large amount of money was involved in collection of the note, this fact does not govern the size of the fees. *Pelzer v. Ragsdale,* 105 S. C. 201, 89 S. E. 705 (1916).

In light of these factors and on the record before us, an award of $125,000 on one cause of action is outrageous and shocking to the conscience of the court. We remand for redetermination of attorney's fees in the first cause of ac-

tion. Under the circumstances it will be necessary to take evidence on the reasonableness of the fees. *Cf. Farmers & Merchants Bank v. Fargnoli,* 274 S. C. 23, 260 S. E. (2d) 185 (1979).

Affirmed in part; reversed in part; and remanded.

GREGORY, C. J., HARWELL and FINNEY, JJ., and DON S. RUSHING, Acting Associate Justice, concur.