1767

D.R. ALLEN & SON, INC., Respondent v. HARWAL, INC., the Estate of Harry C. Walker, MJW Land Corporation, Freeport Associates, a Partnership, Walker Auto Salvage, Inc., Price Sunshine Broadcasting, Inc., The First National Bank of Boston, The South Carolina Tax Commission, Thomas G. Walker, Keith Walker, Harry C. Walker, Jr., a minor under the age of 14, Tommy Joseph Walker, a minor under the age of 14, Susanne Beauvais, Patricia Walker, Elizabeth W. Carrigan, Wipo, Inc., and The United States of America of whom Harwal, Inc., is Appellant-Respondent and Harry C. Walker, Jr., and Tommy Joseph Walker, minors under the age of 14 are Respondents-Appellants.

(414 S.E. (2d) 805)

Court of Appeals

*Benjamin Goldberg,* Charleston, *for appellant-respondent.*

*John E. Romanosky, Jr.,* Charleston, *for respondents-appellants.*

*David M. Swanson, Bachman S. Smith, III,* and *Hamilton Osborne, Jr.,* all of *Sinkler & Boyd,* Charleston and Columbia, *for respondent.*

Heard Dec. 9, 1991.

Decided Feb. 10, 1992.

CURETON, Judge:

In this action, the master granted Plaintiff, D.R. Allen & Son, Inc. (Allen), a judgment of foreclosure against property owned by Harwal, Inc. (Harwal). Harwal and the minor defendants, Harry C. Walker, Jr., and Thomas Joseph Walker, appeal. We affirm.

In 1980, Harry C. Walker purchased a hotel in North Carolina from Motor Inn Associates, Inc., Allen's predecessor in title. Walker executed a deed of trust note to Motor Inn Associates, Inc. in the amount of $1,463,000. The note was secured by a purchase money deed of trust on the hotel. Walker also gave Motor Inn Associates, Inc. a security agreement on all personal property of the hotel. As additional security, Harwal executed a mortgage to Motor Inn Associates, Inc. on property it owned in Charleston County, South Carolina. Harwal, Inc. was a South Carolina corporation wholly owned by Harry Walker.

In a prior suit, Allen foreclosed on the North Carolina property. After the proceeds were applied to the debt, a balance of

$405,934.33 remained due on the original indebtedness. In this suit, Allen seeks to foreclose on the Charleston County property to satisfy the balance of the debt.

Harwal's answer and counterclaim asserted, *inter alia*, that Allen was barred from proceeding by reason of North Carolina's Anti-Deficiency Statute. Harwal also alleged it was discharged as a result of Allen's impairment of collateral.

At the hearing before the master on May 30, 1989, it was discovered the minor defendants had not been personally served. The minors were the children of Harry Walker. Walker died in 1984. The children were residuary legatees under Walker's will and were joined in the suit due to any potential interest they might have by virtue of their father's prior interest in Harwal. Allen presented its evidence at the hearing but Harwal offered no evidence. The next day Harwal appeared before the master and moved to dismiss the action because the minors had not been personally served and a guardian ad litem had not been appointed to protect their interests. The master took the matter under advisement and on June 14, 1989, appointed a guardian ad litem for the minors. The two minors were personally served on August 8, 1989. The guardian ad litem filed an answer and counterclaim on September 8, 1989, and also moved to dismiss the action on the ground of insufficiency of service. This motion was denied by the master and the master thereafter entered his final order on the merits finding the interest of the minors had been adequately protected.

On appeal, Harwal claims error in the master's (1) failing to find this proceeding barred by reason of the North Carolina Anti-Deficiency Statute; (2) failing to reduce the mortgage indebtedness by the amount it claimed the collateral was impaired; (3) permitting a witness to testify as an expert; and (4) failing to reduce the note balance by the amount of the trustee's commission in the North Carolina foreclosure proceeding. The minors assert the master erred in failing to dismiss the complaining against them due to insufficiency of service.

## NORTH CAROLINA ANTI-DEFICIENCY STATUTE

Harwal asserts the North Carolina Anti-Deficiency Statute prohibits foreclosure of the South Carolina mortgage. The statute provides:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate. . . .

*N.C. Gen. Stat.* § 45-21.38 (1991).

A deficiency judgment is an imposition of personal liability on a mortgagor for the unpaid balance of the mortgage debt after foreclosure has failed to yield the full amount of the debt due. *Hyde v. Taylor,* 70 N.C. App. 523, 320 S.E. (2d) 904 (1984) (citing *Black's Law Dictionary).* The North Carolina statute does not prohibit a purchase money mortgagee from foreclosing a lien on real property given as additional collateral for the purchase money debt. It merely prohibits the holder of a purchase money mortgage from obtaining a personal deficiency judgment. *In re Fuller,* 94 N.C. App. 207, 380 S.E. (2d) 120 (1989), *rev. denied,* 325 N.C. 271, 384 S.E. (2d) 515 (1989).

Allen has not sought a personal deficiency judgment against Harwal in this case, but has sought simply to enforce a mortgage lien given by Harwal as additional security for the purchase money debt. We are convinced the statute does not forbid such relief. Accordingly, we sustain the master on this issue.

## IMPAIRMENT OF COLLATERAL DEFENSE

Harwal also asserts Allen unjustifiably impaired the collateral securing the purchase money note and to the extent the collateral was impaired it is entitled to a reduction in the debt due. The collateral in question was personal property of the hotel. A security agreement covering the personal property was not properly perfected and the personal property was seized in bankruptcy.

We disagree with Harwal's contention. Harwal relies on *S.C. Code Ann.* § 36-3-606(1)(b) (1976). The section states:

> The holder discharges any party to the instrument to the extent that without such party's consent the holder unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.

Only a party to an instrument may claim the protection of Section 36-3-606(1)(b). The term "instrument" means a negotiable instrument. *S.C. Code Ann.* § 36-3-102(1)(e) (1976); *Sunrise Sav. & Loan Ass'n v. Mariner's Cay Dev. Corp.*, 295 S.C. 208, 367 S.E. (2d) 696 (1988). Here the pertinent "instrument" is the deed of trust note executed by Harry C. Walker to Motor Inn Associates, Inc. Harwal is not a party to that instrument and cannot invoke Section 36-3-606(1)(b) regardless of whether or not Allen impaired any collateral for the note. *Id.* at 211, 367 S.E. (2d) at 698.

We have not been made aware of the contents of the corresponding provision of the North Carolina Code nor have we been made aware of how the North Carolina courts have interpreted the applicable provision of the Uniform Commercial Code.[1] We hold the impairment section of the South Carolina Code affords Harwal no defense to the present action.

## EXPERT WITNESS

Harwal next argues the trial court erred in permitting Herbert H. Thorp, a North Carolina lawyer, to testify as an expert witness on an ultimate issue. During examination, the master asked Thorp certain questions about North Carolina foreclosure procedure. Harwal objected on the ground Thorp was being asked to give an opinion on an ultimate issue in the case. It further objected on the basis Thorp was an interested witness having previously represented D.R. Allen & Son.

Harwal now asserts Thorp should not have been permitted to testify because Allen did not identify Thorp as an expert witness in response to interrogatories served by Harwal. It

---

[1] The debt instruments provide North Carolina law applies.

did not, however, identify that ground as a basis for its trial objection and, thus, failed to preserve that objection for appeal. *Talley v. S.C. Higher Educ. Tuition Grants Comm'n,* 289 S.C. 483, 347 S.E. (2d) 99 (1986). Of course, the exclusion of a witness's testimony as a sanction under Rule 37(b) or (d), SCRCP, is a grave step for a trial judge to take. *See Kirkland v. Peoples Gas Co.,* 269 S.C. 431, 237 S.E. (2d) 772 (1977). Moreover, we see nothing in the record to convince us Allen willfully failed to place Thorp's name on its answers to interrogatories as an expert witness so as to mandate exclusion of his testimony. *See Baughman v. AT&T Nassau Metals Corp.,* — S.C. —, 410 S.E. (2d) 537 (1991); *Brandi v. Brandi,* 302 S.C. 353, 396 S.E. (2d) 124 (Ct. App. 1990). Thorp was listed as a witness by Allen in its interrogatory responses but not designated as an expert witness. There was no way for Allen to anticipate the court's line of questioning.

Harwal's claim the trial judge erred in permitting Thorp to testify regarding North Carolina foreclosure law does not present a basis for reversal. The qualification of a witness as an expert and the admission of his testimony are matters within the discretion of the court. *Ward v. Epting,* 290 S.C. 547, 351 S.E. (2d) 867 (Ct. App. 1986). While on the witness stand, the master asked Thorp to define what a deficiency judgment is under North Carolina law. This question brought an objection by Harwal's attorney.[2] The master permitted Thorp to testify over the objection. We see no error. The question would appear to be within his area of expertise. Finally, there is nothing in this record to indicate the trial court relied on Thorp's testimony for its decision as to matters of law, or if it did, the law relied on was erroneous. Harwal has demonstrated neither an abuse of discretion nor prejudice.

## TRUSTEE COMMISSION

Harwal asserts the master should have reduced the mortgage debt by $73,150 which was the amount of the trustee's commission in the North Carolina foreclosure proceeding. The record shows this sum had not yet been paid

---

[2] His primary trial objection was that Thorp was an interested party because he had represented Allen in real estate matters in the past. He does not argue this basis in his brief.

to the trustee. Harwal does not assert on appeal that the debt documents do not provide for this fee, but rather argues that because Allen has not paid the fee the amount owed should be reduced by that sum. This issue was not raised by answer nor was it addressed by the master. No motion was made under Rule 52(b) or 59(e) to bring the matter to the attention of the master. Harwal's argument is clearly untenable and we dismiss it summarily.

## SERVICE ON MINOR APPELLANTS

The guardian ad litem argues the failure of Allen to properly serve the minors prior to the merits hearing invalidates the entire proceeding as it relates to them. He relies upon *Webster v. Clanton,* 259 S.C. 387, 192 S.E. (2d) 214 (1972). The guardian ad litem first argues the minors were not properly served pursuant to Rule 4(d)(2), SCRCP, which requires personal service upon minors and their parents. Here, the mother of the minors was served prior to the hearing but the minors were not personally served until after the hearing. We hold the minors need not have been served at the same time their mother was served to constitute effective service as urged by the guardian ad litem.

The guardian ad litem also argues the trial court was without jurisdiction to hear the case prior to the time the minors were personally served. We disagree. Harwal, Inc. was administratively dissolved in 1983 pursuant to *S.C. Code Ann.* § 33-21-110 (Rev. 1987). However, an administrative dissolution does not prohibit a suit against the corporation in its own name. *S.C. Code Ann.* § 33-21-110 (Rev. 1987). However, an administrative dissolution does not prohibit a suit against the corporation in its own name. *S.C. Code Ann.* § 33-21-220 (Rev. 1987). Moreover, while the guardian ad litem argues the minors had an interest in the foreclosed real estate by virtue of their status as successor liquidating trustees of Harwal, Inc. after the death of their father, Section 33-21-220 does not require such trustees to be made parties to a suit against the corporation. In fact, the section expressly permits a suit against the corporation in its corporate name and simply permits shareholders, directors, and officers to take appropriate action to protect the corporation's interests. We do not read

the section to require the minors to have been made parties to the action.[3]

Even if the minors were required to have been made a party to the foreclosure proceeding, we agree with the master the minors were not prejudiced by the procedure. The answer filed by the guardian ad litem adopts verbatim the defenses of Harwal. Although the master held the reference open for the guardian ad litem to report back any defenses the minors might have had, there is no indication the guardian ad litem proffered any evidence. In fact, the record shows that at the time the guardian ad litem argued the motion to dismiss, he had called and written the minors and their mother on numerous occasions but had received no response from them. We affirm the master's holding that the interests of the minors, if any, have been adequately protected.

Accordingly, the order of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.

---

[3] These sections were repealed effective January 1, 1989. Act No. 444 § 4(1), 1988 S.C. Acts 2942, 3916. Corresponding sections are now contained in *S.C. Code Ann.* §§ 33-14-101 through 400 (Rev. 1990).