<hr />

24266

The FIRST SAVINGS BANK, FSB, Respondent v. CAPITAL INVESTORS, a South Carolina Joint Venture, J. Key Powell, Hampton N. Metts, Cynthia R. Engel, and Albert E. Engel, Defendants/Third-Party Plaintiffs v. Ray DAVIS, Al Barnett, and Thomas B. McTeer, Jr., Third-Party Defendants, Of which Capital Investors, a South Carolina Joint Venture, J. Key Powell, Cynthia R. Engel, and Albert E. Engel are Petitioners.

<hr />

(459 S.E. (2d) 307)

Supreme Court

*Daryl J. Corbin, Corbin Law Firm,* Florence, *for petitioners.*

*Jacquelyn L. Bartley* and *James Brailsford, III, Robinson, McFadden & Moore,* Columbia, *for respondent.*

Submitted June 7, 1995.

Decided July 3, 1995.

*Per Curiam:*

We grant certiorari to review the Court of Appeals' decision in *The First Savings Bank v. Capital Investors,* 316 S.C. 360, 450 S.E. (2d) 83 (Ct. App. 1994). We affirm the decision except insofar as it affirms the attorneys fee awards against the individual petitioners on their guaranties. These attorneys fees awards are reversed and the issue remanded for a determination of a reasonable fee.

Respondent sued petitioner Capital Investors on a note and the individual petitioners on their personal guaranties. The

note provided for the recovery of a 15% attorneys fee, and the trial court properly awarded that fee. *See Dedes v. Strickland,* 307 S.C. 155, 414 S.E. (2d) 134 (1992). In contrast, the guaranties provide for "reasonable attorney's fees." The trial court refused to determine a reasonable attorney's fee pursuant to the guaranties, and instead held that since the underlying note provided for a 15% fee, the proper attorney's fee for each guaranty was 15% of the amount guaranteed. The Court of Appeals affirmed. We reverse.

A note and guaranty are two separate contracts. *C & S Nat'l Bank v. Lanford,* 313 S.C. 540, 443 S.E. (2d) 549 (1994). Where a contract provides for a reasonable attorney's fee, the judge must determine the appropriate award based on the evidence presented, considering the appropriate factors. *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E. (2d) 659 (1993). Accordingly, the issue of the proper amount of the individual petitioners' attorney's fees award is reversed and remanded.

Affirmed in part; reversed in part.