THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Waccamaw Bank,
 Respondent,
v.
Myrtle Beach Smokestack Lightning, LLC, Ramsey Company, Inc.,
 Athalia S. Ramsey, Jasper Ramsey, Bhupendra C. Patel, Wayne Faulk, Michael
 Bert Anderson, South Carolina Department of Revenue, United States of America
 acting by and through its agency, The Internal Revenue  Service, 
Of whom Bhupendra C. Patel is the
 Appellant.
 
 
 

Appeal From Horry County
 Ralph P. Stroman, Special Referee Judge

Unpublished Opinion No. 2011-UP-449
Submitted October 1, 2011  Filed October 11,
 2011   

REVERSED AND REMANDED

 
 
 
William W. DesChamps, Jr., of Myrtle Beach, for Appellant.
Scott B. Umstead, of Myrtle Beach, for Respondent.  
 
 
 

PER CURIAM:  Bhupendra
 C. Patel appeals the special referee's order awarding Waccamaw Bank (the Bank)
 $124,018.02 in attorney's fees.  We reverse[1] and remand to the circuit court to make
 specific factual findings to support its award for reasonable attorney's fees.
 Generally, "attorney's
 fees are not recoverable unless authorized by contract or statute."  Blumberg
 v. Nealco, Inc., 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993).  "When
 a [contract] provides for attorney['s] fees at a specific rate in the event
 collection becomes necessary, the amount of attorney['s] fees is governed by
 the contract."  West v. Gladney, 341 S.C. 127, 135, 533 S.E.2d 334,
 338 (Ct. App. 2000).  However, when the contract permits reasonable
 attorney's fees, "the award of attorney's fees is left to the discretion
 of the [circuit court] and will not be disturbed" absent an abuse of
 discretion.  Blumberg, 310 S.C. at 493, 427 S.E.2d at 660. In awarding
 attorney's fees, the circuit court should consider the following factors: "(1)
 nature, extent, and difficulty of the legal services rendered; (2) time and
 labor devoted to the case; (3) professional standing of counsel; (4)
 contingency of compensation; (5) fee customarily charged in the locality for
 similar services; and (6) beneficial results obtained."  Hardaway
 Concrete Co. v. Hall Contracting Corp., 374 S.C. 216, 230, 647 S.E.2d 488,
 495 (Ct. App. 2007) (quoting Blumberg, 310 S.C. at 494, 427 S.E.2d
 at 660).  
 "An award of
 attorney['s] fees will be affirmed on appeal if there is sufficient evidentiary
 support in the record for each factor."  Menne v. Keowee Key Prop. Owners' Ass'n,
 Inc., 368 S.C. 557, 569, 629 S.E.2d 690, 697 (Ct. App. 2006). 
 Therefore, "the [circuit court] must make specific findings of fact on the
 record for each of the required factors to be considered."  Hardaway
 Concrete Co., 374 S.C. at 230, 647 S.E.2d at 495.  "[A]bsent
 sufficient evidentiary support on the record for each factor, the award should
 be reversed and the issue remanded for the [circuit court] to make specific
 findings of fact."  Id. (citation
 and quotation marks omitted) (alteration in original).

We
 find the special referee's order failed to make any specific factual findings to
 support its award of reasonable attorney's fees.[2]  Here, the special referee's order is
 unclear as to how it determined the reasonableness of its award of attorney's
 fees.  In its order, the special referee invoked the reasonableness standard
 for awarding attorney's fees, but failed to apply it.  Additionally, the
 special referee failed to apply the required factors for  determining reasonable
 attorney's fees.  Moreover, the record contains insufficient evidence to
 support the special referee's decision.  The Bank's counsel's affidavit and the
 Senior Vice President's testimony were the only evidence presented to support
 the award.  However, counsel's affidavit did not set forth his hourly rate or
 the amount of time devoted to this case, and the Senior Vice President's
 testimony only indicated the Bank agreed to reasonable attorney's fees.  Thus, we
 reverse and remand to the circuit court to make specific factual findings supporting
 its award of reasonable attorney's fees.   See Sunrise Sav. &
 Loan Ass'n v. Mariner's Cay Dev. Corp.,  295 S.C. 208, 211, 367 S.E.2d
 696, 698 (1988) (finding an award of $125,000 for attorney's fees was
 unsupported by the evidence in the record because counsel's affidavit stating
 in a conclusory fashion that the fees were reasonable was the only evidence
 presented to support the award).  
 REVERSED AND REMANDED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We find the Bank's argument that the amount of
 the attorney's fees set forth in the mortgage applies to Patel is without
 merit.  As a guarantor, Patel is not subject to the terms of the mortgage
 because the mortgage and guaranty agreement are separate contracts. 
 Accordingly, Patel was only responsible for paying reasonable attorney's fees as
 agreed upon in the guaranty agreement.  See First Sav.
 Bank v. Capital Investors,  318
 S.C. 555, 556, 459 S.E.2d 307, 308 (1995) (reversing the circuit court's
 award for attorney's fees against the guarantor based on the note
 agreement because the note and guaranty are separate contracts with different
 terms for the amount of attorney's fees).