**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Marion Creel, Appellant,

v.

Douglas Creel, Respondent.

Appellate Case No. 2014-001166

———————

Appeal From Berkeley County
Robert E. Watson, Master-in-Equity

———————

Unpublished Opinion No. 2015-UP-194
Submitted March 1, 2015 – Filed April 8, 2015

———————

**AFFIRMED**

———————

Robert Rutland Thuss, of Thuss Law Office, LLC, of Swansea, for Appellant.

Grover C. Seaton, III, of Seaton Law Firm, LLC, and Michael H. Murphy, III, of Vannoy Murphy, both of Moncks Corner, for Respondent.

———————

**PER CURIAM:** Marion Creel appeals a master-in-equity's order upholding a real estate transaction between him and Douglas Creel. Marion argues the master erred in (1) ruling a physician's testimony was not expert testimony; (2) ruling Marion

did not present clear and convincing evidence of a unilateral mistake; and (3) finding Marion did not prove the existence of very strong and extraordinary circumstances that justified reformation or rescission of the transaction. We affirm.

1. We find the master did not err in ruling Dr. David Hammett's testimony was not expert testimony. *See D.R. Allen & Son, Inc. v. Harwal, Inc.*, 307 S.C. 315, 320, 414 S.E.2d 805, 808 (Ct. App. 1992) ("The qualification of a witness as an expert and the admission of his testimony are matters within the discretion of the [master]."); *id.* (recognizing that when the issue involves expert testimony, a party seeking reversal must show both an error and resulting prejudice); *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 668 n.12, 667 S.E.2d 7, 20 n.12 (Ct. App. 2008) (stating "the master-in-equity as trier of fact [i]s free to accept or reject any or all of a witness's testimony, including that of an expert witness").

2. We find issue three is not preserved for appellate review because the master made no findings regarding whether very strong and extraordinary circumstances justified rescission or reformation and because Marion did not file a motion to reconsider requesting a finding. *See Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 372, 628 S.E.2d 902, 919 (Ct. App. 2006) (stating that to be preserved for appellate review, an issue must be raised to and ruled upon by the master); *Bugsy's, Inc. v. City of Myrtle Beach*, 340 S.C. 87, 96, 530 S.E.2d 890, 894 (2000) (providing a party must file a Rule 59, SCRCP, motion for reconsideration when the master does not rule on an issue in his final order).

3. We decline to address issue two because resolution of issue three is dispositive of issue two. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review a remaining issue when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.