**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rene McMasters now known as Rene McMasters Ronaghan, Respondent,

v.

H. Wayne Charpia a/k/a Howard W. Charpia and Jody E. Charpia, Appellants.

Appellate Case No. 2013-002311

---

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-423
Submitted September 1, 2016 – Filed October 5, 2016

---

**AFFIRMED**

---

Howard W. Charpia and Jody E. Charpia, of Summerville, pro se.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP, of Mt. Pleasant, for Respondent.

---

**PER CURIAM:** Howard W. Charpia and Jody E. Charpia (the Charpias) appeal the denial of their motions to reconsider the granting of a foreclosure of a judgment lien and to vacate or void the compulsory order of reference. The Charpias argue

(1) the judgment underlying the foreclosure is void because ten years has expired without execution of the judgment and (2) the circuit court lacked jurisdiction and violated the Due Process Clause because the Charpias were not properly notified of the hearings.  We affirm.[1]

1.  We find the judgment underlying the foreclosure was not void because Rene McMasters Ronaghan sought to enforce it within the ten-year statutory period.  *See* S.C. Code Ann. § 15-39-30 (2005) ("Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof . . . ."); *Linda Mc Co., Inc. v. Shore*, 390 S.C. 543, 554, 703 S.E.2d 499, 505 (2010) ("[W]hen a party has complied with the applicable statutes . . . and is merely waiting on a court's order regarding execution and levy, the ten[-]year limitation found in section 15-39-30 is extended to when the court finally issues an order."); *id.* at 555, 703 S.E.2d at 505 ("[I]f a party takes action to enforce a judgment within the ten-year statutory period of active energy, the resulting order will be effective even if issued after the ten-year period has expired.").

2.  We find the circuit court properly exercised jurisdiction.  *See Milgroom v. McDaniel*, 308 S.C. 5, 8-9, 416 S.E.2d 626, 627-28 (1992) (finding the master-in-equity properly returned the matter to the circuit court because of a potential conflict and the circuit court "reached [its] own findings only after conducting an independent hearing and review of the record").  Additionally, the circuit court did not violate the Charpias' due process rights.  Although the Charpias were not properly notified of the January 9, 2013 hearing, the circuit court had already held a July 30, 2012 hearing on the foreclosure action that the Charpias attended, and it issued a thorough order granting foreclosure.  *See Murdock v. Murdock*, 338 S.C. 322, 334, 526 S.E.2d 241, 248 (Ct. App. 1999) ("It is a fundamental doctrine of the law that a party whose personal rights are to be affected by a personal judgment must have *a day in court, or opportunity to be heard*, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights." (emphasis added) (quoting *Webster v. Clanton*, 259 S.C. 387, 391, 192 S.E.2d 214, 216 (1972))).  Further, the January 9, 2013 hearing consisted primarily of discussion about whether the Charpias received notice, and the circuit court's order did not indicate it considered anything presented at the hearing.  Thus, we find the circuit court did not err in denying the Charpias' motion to reconsider.  *See* Rule 59(f), SCRCP ("The motion [to alter or amend the judgment] may in the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

discretion of the court be determined on briefs filed by the parties without oral argument.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**