21768

Marvin H. THOMPSON, Respondent, v. Bonnie N. WATTS, Appellant.
(294 S. E. (2d) 245)

*David A. White*, of *Roddey, Carpenter & White*, Rock Hill, *for appellant.*

*Nolen L. Brunson*, of *Hayes, Brunson & Gatlin*, Rock Hill, *for respondent.*

July 27, 1982.

GREGORY, Justice:

Appellant appeals from the trial judge's order granting a stay of an execution sale. We affirm.

Appellant contracted with respondent to sell to respondent for Forty-Five Thousand ($45,000.00) Dollars, all outstanding shares in Small Engine Service, Inc., a South Carolina corporation. Respondent paid Twelve Thousand ($12,000.00) Dol-

lars down and gave his promissory note for the balance, secured by a pledge of the shares.

Sometime after the note became due respondent made a payment of Five Hundred ($500.00) Dollars. He made no further payments.

Respondent then brought suit against appellant on two relevant causes of action:[1] (1) a rescission action based on false representations in connection with the sale under the Uniform Securities Act, S. C. Code Ann. §§ 35-1-10 through 35-1-1590 (1976 and Cum. Supp. 1981); and (2) a common law tort action for fraud and deceit in connection with the sale.

Appellant demurred and, reserving his rights thereunder, answered and counterclaimed for judgment on the note and foreclosure of respondent's security interest under a Capital Stock Pledge Agreement securing the note.

Counsel agreed to try first the fraud and deceit action. The jury found for appellant on his counterclaim. The trial judge foreclosed the Stock Pledge Agreement and entered a deficiency judgment for appellant in the amount of Twenty-Four Thousand, Nine Hundred Thirty-Three and 32/100 ($24,933.32) plus interest. Respondent did not appeal that order.

When appellant attempted to enforce the deficiency judgment by judicial sale of respondent's real property,[2] respondent moved to quash the Notice of Sale and to stay the sale pending resolution of the rescission action. The trial judge granted the stay.

After the stay was granted, another trial judge sustained appellant's demurrer to the rescission action. Respondent has independently appealed that order.

Both parties concede the trial court has inherent power to stay an execution sale. 4 Am. Jur. (2d) *Appeal and Error,* § 366 (1962); 30 Am. Jur. (2d) *Executions,* § 692 (1967); see Circuit Court Rule 64.

Granting a stay of execution is discretionary. Appellant argues the trial judge abused his discretion in granting the

---

[1] A third cause of action for wrongful ouster is not relevant to this appeal.

[2] Respondent's interest in this property, described by respondent in his brief as being his residence and acreage in York County, consists of an undivided one-half (½) interest.

stay because respondent's prevailing on the rescission cause of action is remote and, thus, insufficient reason to stay the sale. We disagree.

Both causes of action were brought in one civil action and involve the stock transaction and sale of Small Engine Services, Inc. Should respondent prevail on the rescission action, it would be a hollow victory if his home and real estate had been taken from him.

Under the facts of this case, we hold the trial judge properly exercised his discretion in staying the judicial sale until the pending rescission action is resolved.

Affirmed.

LEWIS, C. J. and LITTLEJOHN, NESS and HARWELL, JJ., concur.