## 21769

Sallie SNIDER, Appellant, v. Gary P. BUTLER and Crystal (sic) Butler, Respondents.

(294 S. E. (2d) 246)

*J. Donald Scott,* Columbia, *for appellant.*

*Deena Smith,* Columbia, *for respondents.*

July 27, 1982.

GREGORY, Justice:

This is an action for child custody brought by the child's paternal grandmother, appellant Sallie Snider. Appellant appeals from that part of the trial judge's order requiring her to pay Three Hundred and Fifty ($350.00) Dollars towards respondent Teri L. Butler's attorney's fee. We reverse.

Appellant commenced this action after respondent Gary P. Butler, her son, left the state of Washington where he was then living with his wife, Teri L. Butler, and daughter, Amy Aria Butler, and brought his daughter to Columbia. Teri L. Butler followed them to Columbia.

Based on the allegations that neither of the natural parents were capable of caring for the child at that time, appellant petitioned for and was awarded temporary custody of Amy on March 12, 1979.

Prior to a final hearing appellant requested the court by proper pleadings to grant custody to Teri L. Butler; yet, she remained ready and willing to provide a home for her granddaughter should the court determine it necessary to confer custody upon her.

A final hearing was held on August 6, 1979. Appellant did not personally appear but was represented by counsel. A caseworker for the Department of Social Services recommended placement of the child with her natural mother. The Guardian ad Litem for Amy concurred. Permanent custody of Amy was granted to Teri L. Butler. The trial judge ordered, *inter alia,* that appellant pay a part of Teri L. Butler's attorney's fee.

Appellant argues the trial judge erred in ordering her to pay such attorney's fee. We agree.

Ordinarily, an attorney must look to his client for compensation for services rendered. An exception to this rule is that "under appropriate circumstances, a court of equity may allow an attorney's fee to a party who has, at his own expense, successfully maintained or defended an action for the recovery or preservation of a fund or property in which others are

entitled to share, to be paid from such fund." *Caughman v. Caughman,* 247 S. C. 104, 146 S. E. (2d) 93, 95 (1965). In addition, there may be statutory authority which provides for the assessment of attorney's fees against an adverse party.

This case does not fit within the above exception, and, although S. C. Code Ann. § 20-7-420(2) (Cum. Supp. 1981) provides for an award of attorneys' fees to a spouse in marital litigation, there is no provision allowing assessment of attorneys' fees against a grandparent who petitions for custody of her grandchild.

Furthermore, there is no evidence in the record of the value of the services performed by Teri L. Butler's counsel.

Accordingly, that part of the trial judge's order requiring appellant to pay Three Hundred Fifty ($350.00) Dollars towards respondent Teri L. Butler's attorney's fee is

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.