22965

BARON DATA SYSTEMS, INC., Petitioner v. Phillip H. LOTER, Gary N. Smith, and Melvin Gross, d/b/a Gross, Loter & Smith, a partnership, Respondents.

(377 S. E. (2d) 296)

Supreme Court

*Harry A. Swagart, III,* and *James H. Lengel,* of *Swagart & Lengel, P.A.,* Columbia, *for petitioner.*

*Francis T. Draine,* Columbia, *for respondents.*

Submitted Dec. 7, 1988.

Decided Feb. 21, 1989.

FINNEY, Justice:

This appeal originated from a post-trial order awarding attorney's fees and costs to petitioner, Baron Data Systems (Baron). The respondents, Melvin Gross, Phillip H. Loter, and Gary N. Smith (GLS), appealed on the grounds that the circuit court's award of $26,000 in attorney fees was an abuse of discretion. Baron cross-appealed from the same order on the grounds that it should have received additional attorney fees of $7,390 for 73.9 hours of work. The Court of Appeals reversed and remanded. We reverse the judgment of the Court of Appeals and reinstate the trial court's order.

This case began when Baron filed a summons and complaint seeking to recover damages and attorney's fees pursuant to two equipment leases between petitioner and the respondents, which leases Baron alleged had been breached by the respondents. Petitioner prayed for actual damages of $10,532.68 and liquidated damages of $69,155.25. Respondents filed an amended answer setting forth numerous affirmative defenses and counterclaims seeking in excess of $500,000 in liquidated damages.

Baron moved for summary judgment. The court dismissed respondents' counterclaims for negligence and product defects and its affirmative defenses of laches and contributory negligence. No appeal was taken from the order granting partial summary judgment.

A jury returned a verdict in favor of Baron for $16,161 actual damages. No appeal was taken. At a subsequent hearing, the trial court awarded Baron $26,000 in attorney fees and $3,252.51 in costs. Baron was denied an additional $7,390 in fees for 73.9 hours devoted to counterclaims. Both sides appealed. The Court of Appeals reversed and remanded, holding that the fees were excessive, but did not specifically address the issue of petitioner's attorney fees for the additional 73.9 hours. There is some uncertainty whether the Court of Appeals reversed the trial court's order on this issue also.

Petitioner asserts that the Court of Appeals erred in holding that the trial court's award of attorney's fees was excessive and seeks clarification concerning the trial court's denial of $7,390 in fees.

The general rule is that attorney's fees are not recoverable unless authorized by contract or statute. *Hegler v. Gulf*

*Insurance Co.,* 270 S. C. 548, 243 S. E. (2d) 443 (1978). The contracts between the parties provided for reasonable attorney's fees and costs in the event of default by the respondents. When there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975); *Nelson v. Merritt,* 281 S. C. 126, 314 S. E. (2d) 840 (App. 1984). Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by any competent evidence, *Singleton v. Collins,* 251 S. C. 208, 161 S. E. (2d) 246 (1968).

In awarding reasonable attorney's fees, there are six factors to be considered. *See, e.g., Wood v. Wood,* 269 S. C. 600, 239 S. E. (2d) 315 (1977); *Bentrim v. Bentrim,* 282 S. C. 333, 318 S. E. (2d) 131 (App. 1984). Consideration should be given to all six criteria in establishing reasonable attorney's fees; none of these six factors is controlling. *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974).

In making its determination, the trial court articulated each of the six factors.

(1) *The Nature, Extent and Difficulty of the Legal Services Rendered.*

Upon its evaluation of the nature, extent and difficulty of the legal services, the trial court determined that Baron had to expend considerably more time and effort on the case because the defendants had transformed a simple collection action into complex litigation.

(2) *The Time and Labor Necessarily Devoted to the Case.*

The trial court concluded that "a review of the statements and affidavits of Baron's trial attorney indicate clearly that the time and labor spent were reasonable and not duplicative." The respondents did not dispute this conclusion.

(3) *The Professional Standing of Counsel.*

The circuit court's determination that Baron's trial attorney is an experienced, skilled attorney, of high professional standing in the community was based upon a careful review of the affidavits of Baron's expert and its trial attorney, which included the attorney's resume. Respondents did not contest the trial court's determination.

(4) *The Contingency of Compensation.*

Not applicable since this was not a contingency case.

(5) *The Fee Customarily Charged in the Locality for Similar Legal Services.*

Based upon a review of the attorney's resume, affidavits and its familiarity with attorney fees customarily charged in this legal community, the trial court found that the rate of $100 per hour was appropriate.

(6) *The Beneficial Results Obtained.*

The trial court decided that the total benefits obtained by Baron include a sizeable judgment ($16,151) and the avoidance of nearly half a million dollars in liability on the counterclaims. The Court of Appeals concluded that Baron sought over $70,000 and recovered only $16,151, thus the beneficial result was not significant.

A reading of the Court of Appeals' opinion indicates that the amount of the monetary judgment was the critical factor upon which the Court of Appeals relied in making its determination. However, as set forth above, the amount of recovery is but one factor to be considered in determining reasonable attorney's fees. *Darden v. Witham, supra.*

Courts in other jurisdictions have awarded attorney fees which exceeded the verdict obtained. In *Erickson Enterprises, Inc., v. Lois Wohl & Son, Inc.,* 422 So. (2d) 1085 (Fla. App. 1982), the prayer was for $4,620.60, the verdict was $3,885 and the appellate court upheld a fee award of $6,000. In *Michael-Regan Co., Inc., v. Lindell,* 527 F. (2d) 653, 656 (9th Cir. 1975), the court upheld a verdict (on a counterclaim) for a total of $17,907.26, exclusive of interest, and awarded $18,543 in attorney's fees. *See also Osborn v. Sinclair Refining Co.,* 207 F. Supp. 856 (D. Md. 1962) (fee award of $14,000, damages of $325); and *Knutson v. Daily Review, Inc.,* 479 F. Supp. 1263 (N. D. Cal. 1979) (fees of $54,079; nominal damages of $6).

We conclude that the trial court properly applied the relevant factors and that its order is supported by the record.

With regard to the 73.9 hours Baron's attorney devoted exclusively to work on the counterclaims, we sustain the trial court's findings. The amount of attorney's fees to be awarded in a particular case is within the

discretion of the trial judge provided the award is reasonable. *Farmers and Merchants Bank v. Fargnoli,* 274 S. C. 23, 260 S. E. (2d) 185 (1979). The trial court meticulously reviewed petitioner's fee request in accordance with the factors set forth by the Supreme Court and determined that 260 hours was the maximum compensable time. We find the attorney's fee award of $26,000 reasonable and hold that the denial of an additional $7,390 in attorney's fee was not an abuse of discretion.

For the foregoing reasons the Court of Appeals is reversed and the circuit court's order is reinstated.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.