23069

Julia Elizabeth COCKRELL by her Parent and Natural Guardian, Deborah B. COCKRELL; Adam Hallman Bridges by his Parent and Natural Guardian, Marshall Keith Bridges; Courtney Elizabeth Saylors by her Parent and Natural Guardian, Gregory Brian Saylors; Jan Adrienne Gilbert by her Parents and Natural Guardians, Steven S. Gilbert and Laura Gilbert; and Abigail Debra New by her Parents and Natural Guardians, Teresa D. New and Robert New, Respondents v. TRUSTEES of the DISTRICT 20 CONSTITUENT SCHOOL DISTRICT; Dr. Robert Burke, Superintendent of the Charleston County School District and David J. Mack, Jr., Area Superintendent for District 20 Constituent School District, Defendants.

Of Whom Trustees of the District 20 Constituent School District, Appellants.

(382 S. E. (2d) 923)

Supreme Court

*Robert N. Rosen* and *Sylvia G. Eaves, Rosen, Rosen & Hagood,* Charleston, *for appellants.*

*David Popowski,* Charleston, *for respondents.*

Heard March 8, 1989.

Decided Aug. 21, 1989.

*Per Curiam:*

Respondents Julia Cockrell, *et al.* brought suit against Trustees of the District Twenty Constituent School District of Charleston County (Trustees) under the South Carolina Freedom of Information Act (FOIA). Respondents sought, *inter alia,* declaratory and injunctive relief, attorney fees and costs. The trial judge declared there had been a violation of the FOIA and awarded respondents $2,850 attorney fees and costs. We affirm as modified.

On June 11, 1987, the Trustees held a meeting without giving public notice, at which it changed admission policies regarding Buist Academy, a school located in District Twenty. It is undisputed that the Trustees violated the FOIA by convening the June 11 meeting. *See* S. C. Code Ann. § 30-40-80 (Supp. 1988).

The sole question is whether the trial judge erred by awarding respondents attorney fees and costs.

S. C. Code Ann. § 30-4-100 (1988) provides in part, that:

> (a) Any citizen of the State may apply to the circuit court for either or both a declaratory judgment and injunctive relief to enforce the provisions of this chapter in appropriate cases ...
> (b) If a person or entity seeking such relief prevails, he or it may be awarded reasonable attorney fees and other costs of litigation. If such person or entity prevails in part, the court may in its discretion award him or it reasonable attorney fees or an appropriate portion thereof.

Under section 30-4-100 the only prerequisite to an award of attorney fees and costs is that the party seeking relief must prevail, in whole or in part. Here, respondents prevailed on their request for declaratory relief. Therefore, it was within the trial judge's discretion to award attorney fees and costs to the respondents.

In an action in equity, tried by the judge alone, this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Based upon a review of the record, particularly the expedi-

tious manner in which the appellants responded to respondents' assertions and a consideration of the factors enunciated in *Baron Data Systems, Inc. v. Loter, et al.,* 297 S. C. 382, 377 S. E. (2d) 296 (1989), we conclude that $2,000 attorney fees and costs are reasonable and appropriate in this case. Appellant's remaining exceptions are without merit. This case is affirmed as modified.

Affirmed as modified.