23809

Theresa L. BLUMBERG, Robert L. Blumberg, Frederick Trust, by Frederick J. Loef, and Frederick J. Loef, Petitioners v. NEALCO, INC., and Robert O. Collins, Respondents.

(427 S.E. (2d) 659)

Supreme Court

*Donald J. Budman*, of *Soloman, Kahn, Budman & Stricker*, Charleston, *for petitioners*.

*Desa A. Ballard*, of *Ness, Motley, Loadholt, Richardson & Poole, P.A.*, Barnwell, *for respondents*.

Heard Jan. 6, 1993.

Decided Feb. 22, 1993.

We granted certiorari to review the Court of Appeals' decision in *Blumberg v. Nealco, Inc.*, — S.C. —, 416 S.E. (2d) 211 (Ct. App. 1992). Petitioners Theresa L. Blumberg, Robert L. Blumberg, Frederick Loef, Trust, by Frederick J. Loef, and Frederick J. Loef (Blumberg) contend the Court of Appeals erred in reversing without remand the trial court's award of attorney's fees. We affirm as modified.

## FACTS

In September 1987, Blumberg and Respondents (Nealco) executed a five-year lease. The lease provided for reasonable attorney's fees if Nealco failed to comply with its terms. In August 1988, Blumberg filed a complaint seeking among other things past due and future rent and reasonable attorney's fees. The circuit court awarded Blumberg past due rent and reasonable attorney's fees which he found to be $5,000.00. Nealco appealed.

The Court of Appeals reversed and remanded for reconsideration both the award of damages and attorneys' fees. Nealco moved for a rehearing on the issue of remanding the award of attorney's fees claiming that Blumberg had failed to establish any attorney's fees and should not be permitted to "reopen" the record and introduce evidence on remand. The Court of Appeals modified its holding and reversed the award of attorney's fees and remanded for reconsideration only the award of damages. Blumberg now appeals the Court of Appeals' failure to remand the issue of attorney's fees.

## ISSUE

The sole issue for review is whether the Court of Appeals erred in reversing the award of attorney's fees without remanding the issue.

## DISCUSSION

The general rule is that attorney's fees are not recoverable unless authorized by contract or statute. *Baron Data Sys., Inc. v. Loter,* 297 S.C. 382, 377 S.E. (2d) 296 (1989); *Hegler v. Gulf Ins. Co.,* 270 S.C. 548, 243 S.E. (2d) 443 (1978); *Collins v. Collins,* 239 S.C. 170, 122 S.E. (2d) 1 (1961). When there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown. *Baron, supra.* "Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by *any* competent evidence." *Baron,* 297 S.C. at 384, 377 S.E. (2d) 296 (emphasis added).

There is no dispute that the lease provided for attorney's fees. The dispute centers around whether the recovery of attorney's fees was waived because no evi-

dence was offered to establish if any fees were incurred. The only evidence which was offered at trial to establish the attorney's fees was Blumberg's testimony that the petitioners were seeking reasonable fees.

There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained. *Collins, supra.* Nealco contends that no proof was offered at trial that any attorney's fees had been incurred and, therefore, Blumberg essentially waived an award. We disagree.

Although several cases have reversed, without remanding, an award of attorney's fees based on a lack of evidence, these cases can be distinguished. *Gainey v. Gainey,* 279 S.C. 68, 301 S.E. (2d) 763 (1983) (no request for attorney's fees); *Snider v. Butler,* 278 S.C. 231, 294 S.E. (2d) 246 (1982) (did not fall under an exception to the bar of recovering attorney's fees).

Other cases have reversed an award of fees and remanded the issue when there was a lack of evidence. In *Sunrise Sav. & Loan Ass'n v. Mariner's Cay Dev. Corp.,* 295 S.C. 208, 367 S.E. (2d) 696 (1988), this Court remanded the issue of attorney's fees because the award was unsupported by the evidence and held it was necessary to take evidence on the reasonableness of the award. *See also Farmers & Merchants Bank v. Fargnoli,* 274 S.C. 23, 260 S.E. (2d) 185 (1979).

When an award of attorney's fees is requested and authorized by contract or statute, the court should make specific findings of fact on the record for each factor set forth in *Collins, supra.* On appeal, absent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact. The Court of Appeals should have remanded the issue of attorney's fees. Accordingly, the Court of Appeals' decision is

Affirmed as modified.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.