PER CURIAM: This is an appeal of the trial courts refusal to award 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Electric & Gas Company and Commissioners of Public 
 Works for the City of Charleston, Condemnors, Respondents/Appellants,
v.
John S. Sanders, Landowner, Appellant/Respondent,
and
South Carolina Department of Transportation, Other
Condemnee.
 
 
 

Appeal From Berkeley County
 R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-053
Heard December 8, 2004  Filed January 
 21, 2005  

REVERSED AND REMANDED

 
 
 
Christopher L. Murphy, of Charleston, and John B. Williams, of Moncks Corner, 
 for Appellant-Respondent.
Phyllis W. Ewing and Wm. Howell Morrison, both of Charleston, 
 for Respondents-Appellants.
 
 
 

PER CURIAM: This is an appeal of the trial courts refusal to award
attorney fees to a landowner in a condemnation action after a jury awarded 
 the landowner $21,000 as just compensation for the condemnation.  We reverse 
 and remand. 

FACTS
In 1999, South Carolina Electric and Gas Company (SCE&G) 
 and the Commissioners of Public Works for the City of Charleston (CPW and SCE&G 
 hereinafter known as the Utilities) filed a joint condemnation action to install 
 utility lines on a thirty foot permanent easement and a fifteen foot temporary 
 construction easement on property owned by John Sanders.  Sanders did 
 not contest the Utilities right to condemn and the lower court held proceedings 
 on the issue of just compensation.  Midway through the trial, the Utilities 
 amended their pleadings to abandon the temporary construction easement, which 
 had no set time limit on its use.  Sanders requested $81,000 in damages for 
 the value of the actual easements and the construction of an underground pond.  
 The Utilities presented an appraiser, who testified that the total value of 
 the taking was $7,500.  The jury awarded Sanders $21,000 as just compensation.  

Sanders then made a motion for attorney fees of $15,101.85 
 for that portion of work done in litigating the just compensation for the temporary 
 easement.  Though the trial court found the attorney fees to be reasonable, 
 it denied this motion because the Utilities prevailed at trial.  Sanders now 
 appeals the denial of attorney fees, and the Utilities appeal the trial courts 
 finding that the fees were reasonable.               
STANDARD OF REVIEW
In an action 
 at law tried without a jury, an appellate courts scope of review extends only 
 to the corrections of errors of law.  Okatie River, L.L.C. v. Southeastern 
 Site Prep, L.L.C., 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct. App. 2003).  
 Thus, the factual findings of the trial judge will not be disturbed on appeal 
 unless a review of the record discloses that there is no evidence that reasonably 
 supports the judges findings, or the findings are controlled by an erroneous 
 conception or application of the law.  Gordon v. Colonial Ins. Co., 342 
 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).    
LAW/ANALYSIS
I.  Sanders appeal
Sanders claims that the trial court erred in denying him 
 fees and costs where the Utilities abandoned condemnation by releasing the temporary 
 construction easement.  We agree.
The Eminent Domain Procedure Act (the Act), specifically 
 section 28-2-510(C), lies at the heart of this action.  S. C. Code Ann. § 28-2-510 
 (1991). The Act provides that [i]f the condemnor abandons or withdraws the 
 condemnation action in the manner authorized by this chapter, the condemnee 
 is entitled to reasonable attorney fees, litigation expenses, and costs as determined 
 by the court.  Id. The condemnor is not obligated to construct a public 
 improvement on condemned property.  22 Am. Jur. Trials §743 (2004).  
 Therefore, it may decide to abandon the condemnation rather than pay the just 
 compensation assessed by a jury.  Id.  
The Utilities concede that they use abandon as the term 
 for their action, but argue they technically released the temporary construction 
 easement without ever using the condemned property.  They contend that they 
 had the right to abandon the temporary construction easement at any time as 
 long as they paid the just compensation awarded to Sanders by the jury for the 
 condemned land.   The Utilities also assert that they would have had to abandon 
 the entire condemnation before the Act would have given any relief to Sanders.  
 We do not read the statute so narrowly.  A plain reading of the section indicates 
 that the legislature intended to compensate a landowner who incurred monetary 
 loss from preparation for litigating a condemnation action, only to have the 
 condemnor withdraw at a point prior to disposition, leaving the landowner with 
 no avenue to recover expenses.  Sanders and his attorney spent time and effort 
 planning litigation strategy that contemplated the abandoned easement as a portion 
 of the case and but for the statute, this work would be time wasted.           
II.  Utilities Appeal
The Utilities claim that the trial court erred in determining the attorney 
 fees were reasonable.  We agree.         
The Utilities argue that the requested attorney fees are not reasonable 
 because of a lack of evidentiary support, and the trial court did not make specific 
 findings of fact on the record as required by Blumberg v. Nealco, Inc., 
 310 S.C. 492, 494, 427 S.E.2d 659, 661 (1993). 
Six factors should be considered when determining the appropriate 
 amount of an award for attorney fees: (1) nature, extent, and difficulty of 
 the legal services rendered; (2) time and labor devoted to the case; (3) professional 
 standing of counsel; (4) contingency of compensation; (5) fee customarily charged 
 in the locality for similar services; and (6) beneficial results obtained.  
 Id. at 494, 427 S.E.2d at 660.  Where an attorneys services and their 
 value are determined by the trier of fact, an appeal will not prevail if the 
 findings of fact are supported by any competent evidence. Baron Data Sys., 
 Inc. v. Loter, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989).  However, 
 [w]hen an award of attorneys fees is requested and authorized by contract 
 or statute, the court should make specific findings of fact on the record for 
 each factor . . . .  Blumberg at 494, 427 S.E.2d at 661.  If the evidentiary 
 support is insufficient as to reasonableness of the amount of the award, the 
 appellate court should reverse and remand for the trial court to make specific 
 findings of fact.  Id.      
Sanders submitted a memorandum, attorney affidavits, receipts, and 
 invoices in support of his motion for attorney fees.  However, the trial court 
 failed to address specific findings of fact for each factor; it simply found 
 the amount to be reasonable.  Therefore, the trial court erred, and the issue 
 is remanded to the trial court to make specific findings of fact.  
REVERSED and REMANDED.
ANDERSON, STILWELL, and SHORT JJ., concur.