THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Shirley J. Griffin and Henry R. Griffin, and Jacquelyn G. Burke and Michael J. Burke,
Respondents,
v.
White Oak Properties, LLC, Eugene Grissom McDonald, III, a/k/a Gris McDonald, and Home Shop Realty Company, Defendants, of whom White Oak Properties, LLC, Eugene Grissom McDonald, III, a/k/a Gris McDonald are
Appellants.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2005-UP-337
Heard March 8, 2005  Filed May 18, 2005

AFFIRMED AS MODIFIED

 
 
 
Stevens B. Elliot of Columbia, for Appellants.
Clifford O. Koon, Paul D. de Holczer and Mary Frances Gibson, all of Columbia, for Respondents.
 
 
 

HEARN, C.J.:  White Oak Properties, LLC, and Eugene Grissom McDonald, III, (collectively Sellers) appeal from an award of attorneys fees in favor of Shirley and Henry Griffin and Jacquelyn and Michael Burke (collectively Purchasers) on their breach of contract action. We affirm as modified.
FACTS
The Griffins purchased real estate from White Oak and McDonald for $122,000.  The property was to be used as a residence by Jacquelyn and Michael Burke, their daughter and son-in-law.  Shortly after moving into the home, the Burkes noticed certain defects, including a defective foundation.  Purchasers sued Sellers, and Home Shop Realty, a real estate brokerage firm, alleging breach of the contract for sale, fraud, breach of contract accompanied by a fraudulent act, negligent misrepresentation, civil conspiracy, and a violation of the South Carolina Unfair Trade Practices Act.  
The causes of action were submitted to the jury through a special verdict form.  The jury denied all of Purchasers causes of action, except breach of contract.  Through the special verdict form, the jury found Sellers breached the contract for the purchase of the home and that Sellers should take the home back and return the purchase money to Purchasers.  The jury did not award any other damages.  
Purchasers filed a motion for attorneys fees, alleging that the contract for sale provided for reasonable attorneys fees.  They alleged that their attorney handled the proceeding under a contingency agreement and one-third of the award under the verdict (the return of the $122,000 purchase money for the home), $40,626, would be reasonable.  At the hearing, Sellers argued that a contingency agreement was unreasonable because the jury awarded rescission and therefore, no damages were awarded.  Sellers also asked the court to carefully examine the attorneys fees based on the amount of time and items charged by Purchasers counsel because we just feel like that [sic] its exorbitant.  
Through an Order Dealing with Post-trial Motions, the trial judge granted Purchasers motion for attorneys fees in the amount of $40,626.  Sellers filed a Rule 59(e) motion, arguing the award based on a contingency fee was unreasonable because Purchasers did not recover $122,000.  In their motion, Sellers also urged the court to award fees based on the hourly rate submitted by Purchasers counsel, including only fees which can be specifically accounted for and deemed appropriate.  The trial judge made no ruling on Sellers Rule 59(e) motion.  Sellers appeal the award of attorneys fees.
LAW/ANALYSIS
Sellers concede Purchasers were entitled to an award of attorneys fees, but challenge the award as excessive.  Specifically, they argue the award was excessive considering the remedy the jury provided to Purchasers.  While the jury found in favor of Purchasers on the breach of contract cause of action, the jury specifically stated that no damages were awarded and found Sellers must take the home back and return the purchase money to Purchasers.  Thus, the jurys verdict left the parties in the same position they were in prior to the sale.  We agree with Sellers, and find the trial judges award of attorneys fees based on the contingency fee agreement to be excessive.  
The amount of attorneys fees to be awarded in a particular case is within the discretion of the trial judge provided the award is reasonable.
 Baron Data Systems, Inc. v. Loter,  297 S.C. 382, 385-86, 377 S.E.2d 296, 298 (1989).  In determining a reasonable award of attorneys fees, the court should consider the following factors: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained.  Blumberg v. Nealco, Inc.,  310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993).  The court should also make specific findings of fact on the record for each of the factors.  Id. at 494, 427 S.E.2d at 661.  On appeal, absent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact.  Id. 
In this case, the trial judge considered each of the Blumberg factors, and set forth specific findings of fact on the record.  Sufficient evidence exists in the record to support the judges findings on all of the factors except for the beneficial results obtained.
In deciding the beneficial results obtained, the trial judge concluded that Purchasers were successful in securing their purchase money back and determined that the recovery was $122,000, the purchase price of the home.  Sellers argue this overstated the beneficial results obtained because even though Purchasers recovered the purchase price, they also had to return the home to Sellers.  Sellers assert that the amount of recovery was actually $122,000 less the value of the home, and argue the only evidence in the record was that the home was worth $131,000.  We agree.  
The remedy the jury chose to afford Purchasers requires them to return the home to Sellers in exchange for the purchase price of $122,000.  The only evidence in the record demonstrates that the home was appraised in December of 2000 for $131,000.  Therefore, the remedy did not provide Purchasers a recovery of $122,000, but instead placed them back in the same position they were in prior to entering the contract.    Thus, while we find evidence in the record to support a finding that Purchasers were successful in obtaining a rescission of their contract, we find no evidence to support reasonable attorneys fees based on the Purchasers contingency fee agreement with their attorney.
We hold the judge erred in awarding $40,626 in attorneys fees, and reverse the award of fees to the extent it is based on the contingency agreement.   See Jackson v. Speed, 326 S.C. 289, 308, 486 S.E.2d 750, 759 (1997) (stating that the contract between the client and counsel does not control the determination of reasonable attorneys fees).  Rather, we find an award of attorneys fees in the amount of $26.507.06,[1] the amount submitted by Purchasers counsel in his invoice of professional services and bolstered with his affidavit in support of attorneys fees, to be a reasonable award of attorneys fees. Id.  See also Columbia (S.C.) Teachers Federal Credit Union v. Newsome Chevrolet-Buick, 303 S.C. 162, 165-66, 399 S.E.2d 444, 447 (Ct. App. 1990) (affirming an award of attorneys fees based upon an hourly rate even though agreement with client was contingency-based).
AFFIRMED AS MODIFIED.
GOOLSBY and WILLIAMS, JJ., concur.

[1] Sellers argue on appeal that certain services rendered by paralegals and secretaries should not be included in an award of attorneys fees.  We find this issue is not preserved for appeal.  It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilke,  330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (citation omitted).  At the hearing, the only objection Sellers made to the invoice of Purchasers counsel was that it was exorbitant and should be closely examined.  Moreover, any issues raised regarding the attorneys fees in the Rule 59(e) motion by Sellers were never ruled upon by the trial judge.