THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carolyn E. Norris, Respondent,
v.
Beverly M. Poe Mumaw, Appellant.
 
 
 

Appeal From Spartanburg County
J. Mark Hayes, Circuit Court Judge

Unpublished Opinion No. 2006-UP-125
Submitted February 1, 2006  Filed February 24, 2006   

AFFIRMED

 
 
 
Beverly M. Poe Mumaw, of Cross Anchor, Pro Se for Appellant.
Reginald L. Foster, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Beverly M. Poe Mumaw appeals the trial courts order granting partial summary judgment finding Carolyn E. Norris is entitled to redeem the installment contract by paying the remainder of the purchase price.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Issue I: Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). (finding an issue not ruled upon by the trial judge is not preserved for appeal); Rule 11(b), SCRCP, though this rule requires a court order to be relieved as counsel, there is no indication that the rule was not complied with.  Issue II:  Wilder at 76, 497 S.E.2d at 733 (finding an issue not ruled upon by the trial judge is not preserved for appeal); Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989) (if a party is represented by counsel, the trial court is not required to accept any document a litigant wishes to file); nothing indicates that the trial court found Mumaws additional claims abandoned and the trial court specifically reserved determination of all other issues for a later date.  Issue III:  Wilder at 76, 497 S.E.2d at 733 (finding an issue not ruled upon by the trial judge is not preserved for appeal); Baron Data Sys., Inc. v. Loter, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989) (where there is a contract, the award of attorneys fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown).  Issue IV:  As the trial court granted relief under the equitable right of redemption, any arguments pertaining to the theory of equitable conversion are inapplicable.  Issue V: Lewis v. Premium Inv. Corp., 351 S.C. 167, 174, 568 S.E.2d 361, 365 (2002) (finding some factors the trial court should take into consideration when deciding whether a right of redemption exists include the amount of the purchasers equity, the length of the default period and the number of defaults, the amount of monthly payments in relation to rental value, the value of improvements to the property, and the adequacy of the propertys maintenance).  
AFFIRMED.
HEARN, C.J., and ANDERSON and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.