**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Bristol Condominium Property Owners Association,
Respondent,

v.

John T. Lucas, Sr., as Trustee of the John T. Lucas
Revocable Trust Dated November 10, 2004, and Carolyn
C. Lucas, as Trustee of the Carolyn C. Lucas Revocable
Trust Dated November 10, 2004,
Defendants/Counterclaim Plaintiffs,

Of Whom John T. Lucas, Sr. is the Appellant,

v.

The Bristol Condominium Property Owners Association,
Counterclaim Defendant.

Appellate Case No. 2014-001915

Appeal From Charleston County
James C. Williams, Jr., Special Referee

Unpublished Opinion No. 2016-UP-136
Submitted November 1, 2015 – Filed March 23, 2016

**AFFIRMED**

Joseph A. Mooneyham, of Mooneyham Berry, LLC, of Greenville, for Appellant.

M. Dawes Cooke, Jr. and Kenneth Michael Barfield, both of Barnwell Whaley Patterson & Helms, LLC, and David B. Wheeler and Joseph Timothy Belton, both of Moore & Van Allen, PLLC, all of Charleston, for Respondent.

---

**PER CURIAM:** John T. Lucas appeals the special referee's decree, arguing the special referee erred in (1) not finding the Association foreclosed in bad faith and (2) awarding attorney's fees. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the special referee erred in finding the foreclosure action was filed lawfully and in good faith: S.C. Code Ann. § 27-31-210(a) (2007) ("Suit to recover a money judgment for unpaid common expenses may be maintainable without instituting foreclosure proceedings."); *Dockside Ass'n*, *Inc. v. Detyens*, 294 S.C. 86, 88, 362 S.E.2d 874, 875 (1987) ("We interpret S.C. Code Ann. § 27-31-210(a) to necessitate treatment of assessment lien foreclosures as actions in equity."); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1973) ("In an action in equity, tried by a judge alone, without a reference, on appeal the [appellate] [c]ourt has jurisdiction to find facts in accordance with its views of the preponderance of the evidence."); *Twitty v. Harrison*, 230 S.C. 174, 177-78, 94 S.E.2d 879, 880 (1956) (stating that when an appellate court has jurisdiction to find facts in accordance with its views, it does not relieve the appellant of the burden of convincing the appellate court that the trial court committed error in its findings of fact); *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 105, 531 S.E.2d 287, 291 (2000) (stating an appellate court is "not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility").

2. As to whether the special referee erred in awarding attorney's fees for the Association: *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *Seabrook Island Prop. Owners Ass'n v. Pelzer*, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct. App. 1987) ("Restrictive covenants

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

are contractual in nature and bind the parties thereto in the same manner as any other contract."); *Baron Data Sys., Inc.*, 297 S.C. at 384, 377 S.E.2d at 297 ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown."); *Ledford v. Pa. Life Ins. Co.*, 267 S.C. 671, 675, 230 S.E.2d 900, 902 (1976) (stating that an abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law); *Baron Data Sys., Inc.*, 297 S.C. at 384, 377 S.E.2d at 297 ("Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by any competent evidence."); *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993) ("There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained."); *Seabrook Island Prop. Owners Ass'n v. Berger*, 365 S.C. 234, 240, 616 S.E.2d 431, 435 (Ct. App. 2005) ("On appeal, an award of attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**