**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JRC Properties, LLC, Respondent,

v.

Dennis Corporation, a South Carolina Corporation, and Daniel R. Dennis, III, Appellants.

Appellate Case No. 2016-000767

───────────

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

───────────

Unpublished Opinion No. 2018-UP-065
Submitted January 1, 2018 – Filed February 7, 2018

───────────

**AFFIRMED**

───────────

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, PA, of West Columbia, for Appellants.

Sean Michael Bolchoz, of Bolchoz Law Firm, PA, of Hilton Head Island, for Respondent.

───────────

**PER CURIAM:** Daniel Dennis and the Dennis Corporation appeal a master-in-equity's order awarding attorney's fees to JRC Properties, LLC. On appeal, Dennis argues the master erred by (1) awarding attorney's fees to JRC and, in the

alternative, (2) awarding an amount of attorney's fees not supported by the evidence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master erred in awarding attorney's fees: *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *id.* ("When there is a contract, the award of attorney's fees is left to the discretion of the trial [court] and will not be disturbed unless an abuse of discretion is shown."); *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989) ("Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by any competent evidence."); *Heath v. Cty. of Aiken*, 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990) (defining a "prevailing party" as "[t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered" (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964))).

2. As to whether the award of attorney's fees is supported by the evidence: *Blumberg*, 310 S.C. at 494, 427 S.E.2d at 660 (providing the factors to consider in determining an award of attorney's fees are: "(1) nature, extent, and difficulty of the legal services rendered; (2) time and labor devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) fee customarily charged in the locality for similar services; and (6) beneficial results obtained"); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 240, 616 S.E.2d 431, 435 (Ct. App. 2005) ("On appeal[,] an award of attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.