**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chris N. Domnick, Respondent,

v.

Frank Leroy Domnick, Jr. and Shelly L. Domnick, Appellants.

Appellate Case No. 2015-002558

———

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

———

Unpublished Opinion No. 2018-UP-061
Submitted January 1, 2018 – Filed February 7, 2018

———

**DISMISSED IN PART, AFFIRMED IN PART**

———

John Martin Foster, of Rock Hill, for Appellants.

Duane Alan Lazenby, of Lazenby Law Firm, LLC, of Spartanburg, for Respondent.

———

**PER CURIAM:** Frank Leroy Domnick, Jr. and Shelly L. Domnick appeal the trial court's order awarding $17,000 in attorney's fees to Chris N. Domnick. Frank and Shelly argue Chris did not provide sufficient evidence to warrant an award of attorney's fees.

Initially, we note that Shelly was dismissed as a party by the trial court and attorney's fees were awarded against Frank only.  Accordingly, Shelly is not a party aggrieved by the attorney's fees award, and therefore she is not a proper party to this appeal.  Shelly's appeal is dismissed.  *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal.").

As to Frank's appeal, the trial court's order is affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Maybank v. BB&T Corp.*, 416 S.C. 541, 579-80, 787 S.E.2d 498, 518 (2016) ("The decision to award or deny attorney['s] fees and costs will not be disturbed on appeal absent an abuse of discretion."); *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) ("Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by *any* competent evidence." (emphasis in original)); *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 384-85, 377 S.E.2d 296, 297 (1989) (providing the six factors to be considered in determining whether an award of attorney's fees is reasonable are (1) the nature, extent, and difficulty of the legal services rendered; (2) the time and labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the fee customarily charged in the locality for similar legal services; and (6) the beneficial results obtained); *Maybank*, 416 S.C. at 580, 787 S.E.2d at 518 (affirming a trial court's reduced award of attorney's fees to account for time spent on other claims and an inadequate attorney's fees affidavit).

**DISMISSED IN PART, AFFIRMED IN PART.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.