**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marvin Eubanks, Appellant,

v.

Holly Eubanks et al, Respondent.

Appellate Case No. 2018-000400

Appeal From Lancaster County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2021-UP-072
Submitted February 1, 2021 – Filed March 10, 2021

**AFFIRMED**

Marvin Eubanks, of Lancaster, pro se.

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Respondent.

**PER CURIAM:** Marvin Eubanks (Husband), pro se, appeals an order from the family court granting Holly Eubanks's (Wife's) motion for attorney's fees and costs pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act[1] (the Act) and Rule 11, SCRCP, in the amount of $4,650. On appeal, Husband argues

---

[1] S.C. Code Ann. §§ 15-36-10 to -100 (2005 & Supp. 2020).

the family court erred by finding he did not file the suit against Wife in good faith and by awarding Wife attorney's fees and costs because the record lacks sufficient evidentiary support for each of the factors in *Glasscock v. Glasscock*.[2] We affirm pursuant to Rule 220(b), SCACR.

First, we find sanctions against Husband were warranted under the Act and Rule 11, SCRCP. Husband initiated and continued this case against Wife without ever seeking relief from Wife in his complaint or at trial. A reasonable attorney in the same circumstances as Husband would believe Husband's action was meant merely to harass Wife and was not warranted under existing law, was frivolous, and was not in good faith. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (holding on appeal from the family court, an appellate court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (explaining that although the de novo review allows an appellate court to make its own findings of fact, this standard does not abrogate two long standing principles: (1) the superior position of the family court to assess witness credibility and (2) the appellant's burden to show the preponderance of the evidence is against the finding of the family court); *Ex parte Gregory*, 378 S.C. 430, 438, 663 S.E.2d 46, 50 (2008) ("[The Act] provides for liability for attorney fees and costs of frivolous suits."); § 15-36-10(A)(4)(a) ("An attorney or pro se litigant participating in a civil or administrative action or defense may be sanctioned for: . . . filing a frivolous pleading, motion, or document if: . . . a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law . . . a reasonable attorney presented with the same circumstances would believe that the procurement, initiation, continuation, or defense of a civil cause was intended merely to harass or injure the other party; or . . . a reasonable attorney presented with the same circumstances would believe the pleading, motion, or document is frivolous, interposed for merely delay, or merely brought for any purpose other than securing proper discovery, joinder of parties, or adjudication of the claim or defense upon which the proceedings are based . . . ."); § 15-36-10(A)(4)(b) (providing an attorney or pro se litigant may be sanctioned for "making frivolous arguments a reasonable attorney would believe were not reasonably supported by the facts"); 15-36-10(B)(2) (providing if "an attorney or pro se litigant has violated subsection (A)(4), the court, upon its own motion or motion of a party, may impose upon the person in violation any sanction which the court considers just, equitable, and proper under the circumstances"); *Ex parte Gregory*, 378 S.C. at 437, 663 S.E.2d at 50 ("Under Rule 11(a), SCRCP, a party and/or the party's attorney may

[2] 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments."); *id.* ("The party and/or attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith whether or not there is good ground to support it."); *id.* at 437-38, 663 S.E.2d at 50 ("The sanction may include an order to pay the reasonable costs and attorney fees incurred by the party or parties defending against the frivolous action or action brought in bad faith . . . .").

Second, we find evidentiary support in the record for each of the *Glasscock* factors. *Cf. Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 661 (1993) ("On appeal, absent sufficient evidentiary support on the record for each [attorney's fees] factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact."); *Glasscock*, 304 S.C. at 161, 403 S.E.2d at 315 (stating a court should consider the following factors when determining the amount of reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"). The family court was familiar with the nature, extent, and difficulty of the case because the same judge presided over the February 2017 trial and the December 2017 motion hearing. In his fee affidavit, Wife's counsel (Counsel) attested he spent 14.80 hours on Wife's case; at the December 2017 hearing, he amended that time to include an additional two hours for the time incurred at that hearing. Counsel attested there was no contingency of compensation. The family court considered Counsel's professional standing in the community, noted Counsel regularly practiced in family court, and found Counsel's hourly rate of $275 was a fee customarily charged in family court actions. Finally, Counsel obtained beneficial results for Wife—Husband's case was dismissed.

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.