**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessica Means and Hall & Means, LLC, Appellants,

v.

Donald B. McCutcheon, Respondents.

Appellate Case No. 2021-000426

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2023-UP-035
Submitted January 1, 2023 – Filed February 1, 2023

---

**REVERSED AND REMANDED**

---

C. Steven Moskos, of C. Steven Moskos, PA, of North Charleston, for Appellants.

Donald B. McCutcheon, of Charleston, pro se.

---

**PER CURIAM:** Jessica Means and Hall & Means, LLC (collectively, the Law Firm) appeal the Master-in-Equity's award of attorney's fees in supplemental proceedings. On appeal, the Law Firm argues (1) the master committed an error of law by awarding fees in proportion to the underlying debt Donald McCutcheon owed to the Law Firm and (2) the award was without evidentiary support because

there was no evidence in the record that warranted a reduction in the fees requested. We reverse and remand.

We hold the master abused his discretion in limiting his award of attorney's fees to the Law Firm based on the amount of the underlying debt. *See Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *id.* at 384, 377 S.E.2d at 297 ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown."); *Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 340, 676 S.E.2d 139, 147 (Ct. App. 2009) ("An appellate court will not reverse an [attorney's fees] award unless it is based on an error of law or is without any evidentiary support."); *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993) ("There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained."); *Baron Data Sys.*, 297 S.C. at 384, 377 S.E.2d at 297 ("Consideration should be given to all six criteria in establishing reasonable attorney's fees; none of these six factors is controlling."). In considering the factors for determining a reasonable attorney's fee award, the master found the Law Firm's time expended was reasonable based on McCutcheon's actions; the Law Firm achieved an excellent result; the Law Firm would be responsible for the attorney's fees if McCutcheon did not pay them; the Law Firm's counsel was a long standing, respected member of the Bar; and counsel's rate of $390 to $450 an hour was a reasonable fee in the area for civil litigation. Despite deciding these factors favorably to the Law Firm, the master limited his award of fees to less than a third of the requested amount because the size of the underlying debt was relatively small. We hold this limitation was an error of law. *See Taylor v. Medenica*, 331 S.C. 575, 582, 503 S.E.2d 458, 462 (1998) ("[T]here is no requirement that an attorney's fee be less than or comparable to a party's monetary judgment."); *id.* (explaining an award of attorney's fees may substantially exceed the actual recovery). As the master noted, McCutcheon made collecting the outstanding judgment difficult by hiding himself and his assets from the Law Firm and the court and had needlessly wasted the Law Firm's and the court's resources. These actions resulted in the Law Firm amassing substantial attorney's fees and McCutcheon made no argument that the fees were unreasonable. *See Rish v. Rish By & Through Barry*, 296 S.C. 14, 16, 370 S.E.2d 102, 104 (Ct. App. 1988) (holding that the family court abused its discretion in failing to award a more adequate fee to counsel for the wife); *id.* at 17, 370 S.E.2d

at 104 (Bell, J., concurring) (rejecting the husband's contention that he could not afford to pay the wife's attorney's fees for the frivolous action he brought and explaining that "[t]his court does not sit to relieve self-inflicted wounds"); Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); *Robinson v. Hassiotis*, 364 S.C. 92, 93 n.2, 610 S.E.2d 858, 859 n.2 (Ct. App. 2005) (noting that because the respondent had not filed a brief, this court may take such action as it deems proper, including reversal). Accordingly, we reverse the master's order and remand for an award of reasonable attorney's fees consistent with this opinion.

**REVERSED AND REMANDED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.