**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

1001 Harborview, LLC, Appellant,

v.

Philip Tran and Quyen Tiet, Respondents.

Appellate Case No. 2024-001612

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

Unpublished Opinion No. 2026-UP-039
Submitted January 2, 2026 – Filed February 4, 2026

**AFFIRMED**

Stefanie Lynn Huffer, of Chillico & Associates, LLC, and Jenna Kay Depoy and Hal Eugene Cobb, both of Cobb Hammett Scapellato & Andrews, LLC, all of Mount Pleasant, for Appellant.

Philip Tran, of Greenville, pro se.

Quyen Tiet, of Charleston, pro se.

**PER CURIAM:** 1001 Harborview, LLC (Harborview) appeals the circuit court's award of $18,000 in damages and attorney's fees in its favor. On appeal,

Harborview argues the circuit court abused its discretion in (1) finding Harborview had a duty to mitigate, (2) "reduc[ing the] award of [Harborview's] damages," (3) allowing Respondent Quyen Teit to present evidence and arguments beyond those related to damages and to deviate from facts admitted in the complaint, and (4) "reducing [Harborview's] attorney's fees award without addressing" the six *Blumberg*[1] factors. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not abuse its discretion by awarding less damages than requested by Harborview. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* ("Because of this discretion, our review on appeal is limited to the correction of errors of law."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."). Initially, we hold Harborview's argument that the circuit court abused its discretion in allowing Tiet to dispute liability at the damages hearing was not preserved for appeal because Harborview failed to raise any objections to the questions asked by Tiet's lawyer at the hearing. *See Doe v. S.B.M.*, 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) ("The duty is on the litigant to make a timely objection in order to preserve the right of review."); *Holroyd v. Requa*, 361 S.C. 43, 60, 603 S.E.2d 417, 426 (Ct. App. 2004) ("Failure to object to the introduction of evidence at the time the evidence is offered constitutes a waiver of the right to have the issue considered on appeal."); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 203, 723 S.E.2d 597, 603 (Ct. App. 2012) ("A defendant in default admits liability but not the damages as set forth in the prayer for relief."); *id.* ("The amount of damages in a default action must be proved by the preponderance of the evidence."); *id.* at 203-04, 723 S.E.2d at 603 ("At the damages hearing, the defendant may only participate by cross-examining witnesses and objecting to evidence."). Next, we hold the circuit court did not abuse its discretion by determining the date of the default because the date of default was not established by Harborview's complaint. *See Austin*, 358 S.C. at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."). Further, based on this finding, we hold the circuit court did not abuse its discretion in finding Harborview failed to exercise its duty to mitigate

---

[1] *Blumberg v. Nealco, Inc.*, 307 S.C. 537, 416 S.E.2d 211 (Ct. App. 1992), *aff'd as modified*, 310 S.C. 492, 427 S.E.2d 659 (1993).

because it waited six months to make attempts to relet the property. *See Hunter v. S. Ry. Co.*, 90 S.C. 507, 512, 73 S.E. 1017, 1019 (1912) ("[T]he duty rests upon one who is injured by the breach of a contract . . . to reasonably exert himself to avoid and to lessen the damages resulting therefrom . . . ."); *id.* ("The efforts required of the injured party must be determined by the rules of common sense and fair dealing, and they include a reasonable expenditure of money."); *Genovese v. Bergeron*, 327 S.C. 567, 572, 490 S.E.2d 608, 611 (Ct. App. 1997) ("A party injured by the acts of another is required to do those things a person of ordinary prudence would do under the circumstances to mitigate damages; however, the law does not require unreasonable exertion or substantial expense for this to be accomplished."). Lastly, we hold that although the circuit court did not mention specific sections of the Lease in its order, the circuit court's findings show that it considered the Lease provisions in making its determination. *See Austin*, at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award.").

2. We hold Harborview's argument that the circuit court failed to consider the *Blumberg* factors in awarding attorney's fees is not preserved for appellate review because it was not ruled on by the circuit court in its final order or raised in Harborview's motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."); *id.* at 24, 602 S.E.2d at 780 ("A party *must* file [a Rule 59(e) motion] when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.